RECEIVED
JUN 25 2026
KELLY L. STEPHENS, Clerk

# UNITED STATES COURT OF APPEALS

# FOR THE SIXTH CIRCUIT

**United States Court of Appeals for the Sixth Circuit**

| | |
|---|---|
| SANDRA WORTHING ALVES,<br>Plaintiff-Appellant,<br>v.<br>INTERNET TRUCK STOP PAYMENTS, LLC, et al.,<br><br>Defendants-Appellees. | Case No. 26-3511<br><br>MOTION TO SUPPLEMENT THE RECORD ON APPEAL |

SANDRA WORTHING ALVES,

Plaintiff-Appellant,

v.

INTERNET TRUCKSTOP PAYMENTS, LLC, et al., Defendants-Appellees.

## PLAINTIFF-APPELLANT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL PURSUANT TO FED. R. APP. P. 10(e)(2)

## I. INTRODUCTION

1. Plaintiff-Appellant Sandra Worthing Alves, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Appellate Procedure 10(e)(2) to supplement the record on appeal with the materials identified in the attached Exhibit Index (Exhibits A through J).

2. This motion is necessary because material filed with the district court on April 28 and April 29, 2026 -- specifically Plaintiff's Emergency Motion for Temporary Restraining Order (ECF 62) and Plaintiff's Motion for Sanctions (ECF 64), together with their supporting declarations and exhibits -- was rendered substantively absent from the record transmitted to this Court. That absence was not the product of any litigation choice by Plaintiff. It resulted directly and unavoidably from the district court's own April 29, 2026 non-document

order, entered the same day Plaintiff's motions were filed, which enjoined Plaintiff from making further filings and directed the Clerk's Office not to accept further filings in the action without the court's express approval.

## II. BACKGROUND

3. On April 27 and April 29, 2026, Defendant Carrier411 CarrierGuard LLC's CEO, Darren Brewer, engaged in conduct directed at Plaintiff, including a threatening statement posted from Carrier411's verified social media account, a direct telephone call referencing the pending litigation, contact with a third-party witness, and public disclosure of Plaintiff's home address. This conduct is documented in Exhibits D through J.

4. On April 28, 2026, Plaintiff filed an Emergency Motion for Temporary Restraining Order, Order to Show Cause, and Notice of Obstruction of Federal Proceedings (ECF 62), supported by a declaration and exhibits documenting this conduct.

5. On April 29, 2026, Plaintiff filed a Notice of Confirmed Service (ECF 63) and a Motion for Sanctions (ECF 64) pursuant to 28 U.S.C. section 1927, Federal Rule of Civil Procedure 11, and the court's inherent authority, supported by a further declaration documenting Brewer's escalated conduct that same morning.

6. Also on April 29, 2026, the district court entered a non-document order enjoining Plaintiff from filing further documents without the court's express prior approval and directing the Clerk's Office not to accept further filings in this action without that approval.

7. In that same order, the district court denied Plaintiff's Emergency Motion for TRO (ECF 62) and Motion for Sanctions (ECF 64) without prejudice (ECF 65).

8. On May 27, 2026, the district court dismissed Plaintiff's Third Amended Complaint with prejudice as to all defendants (ECF 69).

9. Plaintiff's Opening Brief, filed concurrently with this motion, argues among other grounds that the district court abused its discretion in dismissing with prejudice where the identified pleading defects were curable, and where the court's own April 29, 2026 filing injunction foreclosed Plaintiff from curing them or from making any further record of the obstruction she was experiencing at that time.

10. The exhibits identified below are necessary for this Court to evaluate that argument because they show what Plaintiff placed before the district court, and when, immediately before the court restricted her ability to file.

## III. ARGUMENT

11. Federal Rule of Appellate Procedure 10(e)(2) provides that if anything material to either party is omitted from the record by error or accident, the omission may be corrected and a supplemental record certified and forwarded, on stipulation of the parties, by the district court, or by this Court.

12. The materials identified in Exhibits A through J are material to this appeal. They bear directly on the timing and effect of the district court's April 29, 2026 filing injunction, addressed in the Opening Brief. Exhibits A through C show what was filed and when. Exhibits D through J show the underlying conduct those filings sought to address, conduct that continued and escalated after the district court restricted Plaintiff's ability to seek relief.

13. The absence of the substantive content of ECF 62 and ECF 64 from the electronic record is not attributable to any litigation decision by Plaintiff. It results directly from the timing of the district court's own order. Rule 10(e)(2) exists precisely to correct omissions of this kind, so that the record before this Court accurately reflects what occurred below.

14. Plaintiff is a pro se litigant without CM/ECF filing access and has filed exclusively by United States Postal Service certified mail throughout this litigation. This circumstance further supports supplementation, as Plaintiff has

no alternative electronic mechanism by which to ensure the completeness of the record.

## IV. RELIEF REQUESTED

15. Plaintiff respectfully requests that this Court grant this motion and order the record on appeal supplemented with Exhibits A through J, identified in the attached Exhibit Index.

Respectfully submitted,

Sandra Worthing Alves, Pro Se d/b/a All Directions Trucking

MC #1710778 | USDOT #4368789

25540 Byron Dr, North Olmsted, Ohio 44070

(440) 591-0354 | ADT@alldirections247.com

Date: June 22, 2026

## EXHIBIT INDEX

**Exhibit A:** Civil Docket Sheet, Case No. 1:26-cv-00150-DAP, United States District Court, Northern District of Ohio.

**Exhibit B:** Plaintiff's Emergency Motion for Temporary Restraining Order, Order to Show Cause, and Notice of Obstruction of Federal Proceedings (ECF 62, filed April 28, 2026), with Declaration of Sandra Worthing Alves and supporting exhibits.

**Exhibit C:** Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. section 1927, Fed. R. Civ. P. 11, and the Court's Inherent Authority (ECF 64, filed April 29, 2026).

**Exhibit D:** Certified mail return receipt (PS Form 3811), service of process upon Carrier411, c/o Registered Agent, Smith Gambrell & Russell LLP, Jacksonville, Florida.

**Exhibit E:** Certified mail return receipt (PS Form 3811), United States District Court, Northern District of Ohio, 801 West Superior Avenue, Cleveland, Ohio.

**Exhibit F:** Transcript of recorded telephone call between Plaintiff and Darren Brewer, CEO of Carrier411 Services, Inc., April 27, 2026.

**Exhibit G:** North Olmsted, Ohio Police Department Witness Statement Form, statement of Sandra Worthing Alves, dated April 29, 2026.

**Exhibit H:** Screenshot, Carrier411 Services, Inc. (@realcarrier411) post: "I may have just

figured out who you are.... We may have connected the dots," April 27, 2026.

**Exhibit I:** Screenshot, Carrier411 Services, Inc. (@realcarrier411) post regarding

Ohio carrier MC1710778 and announced Florida lawsuit, April 29, 2026.

**Exhibit J:** Screenshot, Carrier411 Services, Inc. (@realcarrier411) post displaying Plaintiff's

carrier profile, carrier status, and home business address, April 29, 2026.

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, a true and correct copy of the foregoing motion was served upon all counsel of record via the Court's ECF system and/or by first-class U.S. Mail, postage prepaid.

Sandra Worthing Alves, Pro Se

Date: June 22, 2026

Appeal,Cat12,Greenberg,RestrictedFiler,Termed

# U.S. District Court
# NORTHERN DISTRICT OF OHIO (Cleveland)
# CIVIL DOCKET FOR CASE #: 1:26-cv-00150-DAP

Worthing Alves v. Internet Truckstop Payments, LLC et al.
Assigned to: Judge Dan Aaron Polster
Case in other court: Court of Common Pleas of Cuyahoga County, 25 CV 12 9498
Cause: 28:1441 Petition for Removal- Racketeering (RICO)

Date Filed: 01/20/2026
Date Terminated: 05/27/2026
Jury Demand: Plaintiff
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

**Sandra Worthing Alves**
*MC#1710778*
*doing business as*
All Directions Trucking

represented by **Sandra Worthing Alves**
25540 Byron Drive
North Olmsted, OH 44070
440-591-0354
Email:
PRO SE

V.

**Defendant**

**Carrier411 CarrierGuard LLC**
*originally named as*
Carrier411 Services, Carrier411.com

represented by **Ryan J. Sears**
The Law Office of Ryan J Sears - Charlotte
Ste. 233
338 South Sharon Amity Road
Charlotte, NC 28211
216-702-0535
Email: rjs@jagdefenders.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Sabrina Marcos Smith**
Smith Gambrell Rusell - Jacksonville
Ste. 2600
50 North Laura Street
Jacksonville, FL 32202
904-598-6120
Email: smsmith@sgrlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**GenLogs, Inc.**
*also known as*
GenLogs Corporation

represented by **Samuel A. Meadows**
Reminger Co. - Cleveland
Ste. 1200
200 Public Square
Cleveland, OH 44114
216-430-2267
Fax: 216-687-1841

A

200 Public Square
Cleveland, OH 44114
216-430-2194
Fax: 216-687-1841
Email: mkotlarek@reminger.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Denim, Inc.**

**Defendant**

**Total Quality Logistics, LLC**
*(TQL)*

represented by **Jonathan M. Scandling**
Frantz Ward
Ste. 3000
200 Public Square
Cleveland, OH 44114
216-515-1660
Fax: 216-515-1650
Email: jscandling@frantzward.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Matthew J. Wiles**
Frantz Ward
Ste. 200
20 East Broad Street
Columbus, OH 43215
614-300-5277
Email: docketing@frantzward.com
*Bar Status: Active*

**Defendant**

**John Doe Freight Brokers 1-29,061**
*To be identified*
***TERMINATED: 03/05/2026***

**Defendant**

**John Doe Factoring Partners 1-100**
*To be identified*
***TERMINATED: 03/05/2026***

**Defendant**

**Motive Technologies, gomotive.com**
*formerly known as*
Keep Trucking

represented by **Colleen M. O'Neil**
Calfee, Halter & Griswold - Cleveland
1405 East Sixth Street
Cleveland, OH 44114
216-622-8530
Fax: 216-241-0816
Email: coneil@calfee.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Nicholas A. Bonaminio**

*Bar Status: Active*

**Kristin L. Bryan**
Squire Patton Boggs (US) - Cleveland
1000 Key Tower
127 Public Square
Cleveland, OH 44114
216-479-8500
Email: kristin.bryan@squirepb.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Flock Safety, Flock Group Inc, Flock Cameras**
***TERMINATED: 03/05/2026***

**Defendant**

**C.H. Robinson Worldwide, Inc.** represented by **Briana R. Cowman**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric Larson Zalud**
Benesch Friedlander Coplan & Aronoff
Ste. 4900
127 Public Square
Cleveland, OH 44114
216-363-4500
Fax: 216-262-4588
Email: ezalud@beneschlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Clare R. Taft**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**MacroPoint, Inc.**
***TERMINATED: 03/05/2026***

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2026 | 1 | **Notice of Removal** from Court of Common Pleas of Cuyahoga County, case number 25 CV 12 9498 with jury demand, Filing fee paid $ 405, receipt number AOHNDC-13478295.. Filed by C.H. Robinson Worldwide, Inc.. (Attachments: # 1 Exhibit 1 - Complaint, # 2 Exhibit 2 - First Amended Complaint, # 3 Exhibit 3 - Second Amended Complaint, # 4 Exhibit 4 - First Motion for Temporary Restraining Order, # 5 Exhibit 5 - Second Motion for Temporary Restraining Order, # 6 Exhibit 6 - C.H. |

| | | |
|---|---|---|
| 01/27/2026 | 13 | **Motion** for extension of time until March 14, 2026 to answer *First Amended Complaint* filed by Defendant Magellan Transport Logistics, Inc.. (Apelis, Markus) (Entered: 01/27/2026) |
| 01/27/2026 | 14 | Notice of Supplemental Filing of Additional Exhibits to January 20, 2026 Notice of Removal filed by C.H. Robinson Worldwide, Inc.. (Attachments: # 1 Exhibit 24 - December 16, 2025 Journal Entry, # 2 Exhibit 25 - January 20, 2026 Journal Entry)Related document(s) 1 .(Taft, Clare) (Entered: 01/27/2026) |
| 01/27/2026 | 15 | **Motion** to Strike the Second Amended Complaint and **Motion** to Dismiss Plaintiff's First Amended Complaint filed by Defendant Total Quality Logistics, LLC. (Attachments: # 1 Memorandum in Support of Motion to Strike, # 2 Exhibit 1 - Affidavit of Marc Bostwick)(Scandling, Jonathan). Added Motion to Dismiss on 2/9/2026 (R,EM). (Entered: 01/27/2026) |
| 01/27/2026 | 16 | **Motion** for leave to File Memorandum In Support of Motion to Dismiss In Excess of Page Limitation Instanter filed by Defendant C.H. Robinson Worldwide, Inc. (Taft, Clare) Modified on 2/6/2026 (R,EM). (Entered: 01/27/2026) |
| 01/27/2026 | 17 | **Motion** to dismiss Plaintiff's First Amended Complaint for failure to state a claim filed by Defendant C.H. Robinson Worldwide, Inc. (Taft, Clare) Modified on 2/10/2026 (R,EM). (Entered: 01/27/2026) |
| 01/27/2026 | 18 | Local Rule 7.1(f) Certification filed by C.H. Robinson Worldwide, Inc.. Related document(s) 17 .(Taft, Clare) (Entered: 01/27/2026) |
| 01/27/2026 | 19 | **Motion** to strike *Second Amended Complaint and Brief In Opposition to Plaintiff's Motion to Anchor* filed by Defendant C.H. Robinson Worldwide, Inc.. (Taft, Clare) (Entered: 01/27/2026) |
| 01/27/2026 | 20 | Joinder in Motions to Strike and Motions to Dismiss filed by Magellan Transport Logistics, Inc.. Related document(s) 11 , 17 , 15 , 19 .(Apelis, Markus) (Entered: 01/27/2026) |
| 01/28/2026 | 21 | Notice of Supplemental Filing of Exhibits to Defendant's 19 Motion to Strike Second Amended Complaint and Brief in Opposition to Plaintiffs Motion to Anchor filed by C.H. Robinson Worldwide, Inc. (Attachments: # 1 Exhibit 1 - Journal Entry 12.16.2025, # 2 Exhibit 2 - Journal Entry 1.20.2026)(Taft, Clare) (Entered: 01/28/2026) |
| 01/28/2026 | | **Order** [non-document] granting Defendant Magellan Transport Logistics, Inc.'s 13 Motion for extension of time until March 13, 2026 to answer the 1 First Amended Complaint. Approved by Judge Dan Aaron Polster on January 28, 2026.(R,AP) (Entered: 01/28/2026) |
| 01/28/2026 | | **Order** [non-document] granting Defendant C.H. Robinson Worldwide, Inc.'s 16 Motion for leave to exceed page limitations. Approved by Judge Dan Aaron Polster on January 28, 2026. (R,AP) (Entered: 01/28/2026) |
| 01/28/2026 | | Copy of Order on Motion for extension of time to answer and Order on Motion to exceed page limitations mailed to Sandra Worthing Alves, 25540 Byron Drive, North Olmsted, OH 44070, on January 28, 2026. (R,AP) (Entered: 01/28/2026) |
| 01/29/2026 | 22 | **Motion** for temporary restraining order and memorandum filed by Plaintiff Sandra Worthing Alves. (Attachments: # 1 Exhibit F001 - Cuyahoga County Civil Filing, # 2 Exhibit F002 - Carrier 411 Document, # 3 Exhibit F003 - Notice of Investigation, # 4 Exhibit F004 - Decision, # 5 Exhibit F005 - Mailing Label, # 6 Envelope)(W,Jo) (Entered: 01/29/2026) |

| | | |
|---|---|---|
| 03/05/2026 | 33 | Original Summons and Magistrate Consent Form issued to pro se Plaintiff over the counter for service upon Carrier411 CarrierGuard LLC, Denim, Inc., GenLogs, Inc., Internet Truckstop Payments, LLC (Internet Truckstop LLC, Internet Truckstop Risk Purchasing Group LLC), Motive Technologies, gomotive.com. (F,AW) (Entered: 03/05/2026) |
| 03/13/2026 | 34 | **Motion** to dismiss for failure to state a claim filed by Defendant DAT Freight & Analytics, LLC. Related document(s) 32 . (Bryan, Kristin) (Entered: 03/13/2026) |
| 03/16/2026 | | **Order** [non-document] Any Defendant wishing to join Defendant DAT Freight & Analytics' Motion to Dismiss [ECF 34 ] is hereby directed to file a motion for joinder **no later than 5:00pm on Monday, March 23, 2026**. Plaintiff Worthing Alves' response to the joint motion will be due **April 22, 2026**. Defendant DAT Freight & Analytics' reply in support of the motion will be due **May 6, 2026**. Entered on behalf of Judge Dan Aaron Polster on 3/16/2026. (K,K) (Entered: 03/16/2026) |
| 03/16/2026 | | Copy of non-document Order mailed to Sandra Worthing Alves at 25540 Byron Drive, North Olmsted, OH 44070 on 3/16/2026. (K,K) (Entered: 03/16/2026) |
| 03/16/2026 | 35 | Notice of Dismissal Under FRCP 41(a)(1) as to Defendant DAT Freight & Analytics, LLC filed by Sandra Worthing Alves. (Attachments: # 1 Envelope) (M,CE) (Entered: 03/16/2026) |
| 03/17/2026 | 36 | **Marginal Order** and Notice of Party Dismissal. Plaintiff's 35 Notice of Voluntary Dismissal without prejudice against Defendant DAT Freight & Analytics, LLC is approved. Signed by Judge Dan Aaron Polster on 3/17/2026. (K,K) (Entered: 03/17/2026) |
| 03/17/2026 | | **Order** [non-document] Since Defendant DAT Freight & Analytics has been dismissed, its motion to dismiss [ECF 34 ] is now moot. Accordingly, and in the interest of judicial economy, the Court sets the following briefing schedule: (1) any motions to dismiss, whether submitted individually or jointly with another defendant, are due **no later than March 31, 2026**; (2) Plaintiff Worthing Alves will file a single response to all of the motions **no later than April 30, 2026**; and (3) replies in support of a motion to dismiss are due **no later than May 14, 2026**. Defendants should endeavor to coordinate and jointly file motions wherever possible. Entered on behalf of Judge Dan Aaron Polster on 3/17/2026. (K,K) (Entered: 03/17/2026) |
| 03/17/2026 | | Copy of non-document Order and 36 Order and Notice of Party Dismissal mailed to Sandra Worthing Alves at 25540 Byron Drive, North Olmsted, OH 44070 on 3/17/2026. (K,K) (Entered: 03/17/2026) |
| 03/20/2026 | 37 | Notice of Filing Proof of Service as to Defendant Motive Technologies, Inc. filed by Sandra Worthing Alves. (Attachments: # 1 Exhibit A - Proof of Service/Green Card, # 2 Envelope). (S,DA) (Entered: 03/20/2026) |
| 03/20/2026 | 38 | Notice of Filing Proof of Service as to Defendant Internet Truckstop Payments, LLC and All Affiliated Entities (Internet Truckstop Risk Purchasing Group) filed by Sandra Worthing Alves. (Attachments: # 1 Exhibit A - Green Card, # 2 Envelope). (S,DA) (Entered: 03/20/2026) |
| 03/20/2026 | 39 | Notice of Filing Proof of Service as to Defendant Internet Truckstop Payments, LLC and All Affiliated Entities (Registered Agent Harvard Business Services Inc.) filed by Sandra Worthing Alves. (Attachments: # 1 Exhibit A - Green Card, # 2 Envelope). (S,DA) (Entered: 03/20/2026) |
| 03/27/2026 | 40 | Notice of Filing Proof of Service as to Defendant Denim Labs, Inc. filed by Sandra Worthing Alves. (Attachments: # 1 Green Card, # 2 Envelope). (S,DA) (Entered: 03/27/2026) |

| | | |
|---|---|---|
| | | First Insurance Notice of Intent to Cancel, # 12 Exhibit L - First Insurance Final Cancellation Notice and Billing Statement, # 13 Exhibit M - U.S. Department of Transportation, # 14 Exhibit N - Registry Monitoring Insurance Services Inc., # 15 Exhibit O - Total Quality Logistics, # 16 Exhibit P - All Directions Trucking, # 17 Exhibit Q - Final TQL Load, # 18 Exhibit R - TQL Tax, # 19 Exhibit S - Magellan Transport Logistics, # 20 Exhibit T - TriumphPay Unsolicited Outreach, # 21 Exhibit U - Insurance Documentation, # 22 Exhibit V - Utilities and Communications, # 23 Exhibit W - Outstanding Toll Obligations, # 24 Exhibit X - Credit, Financial Debt, and Investor Damages, # 25 Exhibit Y - Affidavit of Grange Alves, # 26 Exhibit Z - Affidavit of Sandra Worthing Alves, # 27 Exhibit AA - Affidavit of Kip Coltrin, # 28 Envelope). (S,DA) (Entered: 04/09/2026) |
| 04/10/2026 | 53 | Attorney Appearance by Andrew J. Dorman filed by on behalf of Internet Truckstop Payments, LLC. (Dorman, Andrew) (Entered: 04/10/2026) |
| 04/10/2026 | 54 | **Motion** by Clare R. Taft; Briana R. Cowman; Marc S. Blublaugh to withdraw as attorney filed by Defendant Internet Truckstop Payments, LLC. (Taft, Clare) (Entered: 04/10/2026) |
| 04/10/2026 | | **Order** [non-document] Defendants are directed to coordinate and file a single reply in support of their motions to dismiss, to the extent possible. If Defendants are able to file one reply amongst them, they may have up to twenty-five (25) pages for that reply. The reply is still due no later than May 14, 2026, as previously ordered. Entered on behalf of Judge Dan Aaron Polster on 4/10/2026. (K,K) (Entered: 04/10/2026) |
| 04/10/2026 | | **Order** [non-document] granting Motion to withdraw as attorneys; Attorneys Clare R. Taft, Marc S. Blubaugh and Briana R. Cowman removed from case as to Internet Truckstop Payments, LLC. (Related Doc # 54 ) Entered on behalf of Judge Dan Aaron Polster on 4/10/2026.(K,K) (Entered: 04/10/2026) |
| 04/10/2026 | | Copy of non-document Orders dated 4/10/2026 mailed to Sandra Worthing Alves at 25540 Byron Drive, North Olmsted, OH 44070 on 4/10/2026. (K,K) (Entered: 04/10/2026) |
| 04/14/2026 | 55 | Attorney Appearance by Melany A. Kotlarek filed on behalf of Internet Truckstop Payments, LLC. (Kotlarek, Melany) (Entered: 04/14/2026) |
| 04/21/2026 | 56 | Filing Error - Counsel to refile. **Motion** to dismiss filed by Defendant GenLogs, Inc.. (Meadows, Samuel) Modified on 4/23/2026 (K,K). (Entered: 04/21/2026) |
| 04/21/2026 | 57 | **Motion** for joinder in 43 Motion to dismiss Third Amended Complaint filed by Defendant GenLogs, Inc. (Meadows, Samuel) Modified on 5/4/2026 (R,EM). (Entered: 04/21/2026) |
| 04/22/2026 | 58 | **Motion** to strike filed by Defendant GenLogs, Inc.. (Attachments: # 1 Exhibit Motion to Dismiss Third Amended Complaint)(Meadows, Samuel) (Entered: 04/22/2026) |
| 04/23/2026 | | **Order** [non-document] restricting Defendant's 56 **Motion** to dismiss to court only. Counsel to refile motion. (Related document 58 ) Entered on behalf of Judge Dan Aaron Polster on 4/23/2026. (K,K) (Entered: 04/23/2026) |
| 04/23/2026 | 59 | **Motion** to dismiss , with memorandum in support filed by Defendant GenLogs, Inc. (Meadows, Samuel) (Entered: 04/23/2026) |
| 04/27/2026 | 60 | Supplemental Filing in Response to Defendants' Motions to Dismiss filed by Sandra Worthing Alves. Related document(s) 43 , 44 , 45 , 46 , 47 , 48 , 49 , 59 , 52 . (Attachments: # 1 Appendix - Index of Exhibits, # 2 Exhibits A - D -- Denim, # 3 Exhibits E - G -- Highway App, # 4 Exhibits H - K -- GenLogs, # 5 Exhibit L - Motive Technologies, # 6 Exhibits M - X -- C.H. Robinson - Enterprise Pattern, # 7 Exhibits Y - Z -- Public Pattern Evidence, # 8 Exhibits AA - AF -- Insurance Destruction and |

| | | |
|---|---|---|
| 05/14/2026 | 68 | Joint **Reply** in support of 43 , 44 , 45 46 , 47 , 48 , 49 , 59 Motions to Dismiss filed by Total Quality Logistics, LLC on behalf of Highway App, Inc., C.H. Robinson Worldwide, Inc., Magellan Transport Logistics, Inc., Internet Truckstop Payments, LLC., Motive Technologies, Inc. and GenLogs, Inc. (Scandling, Jonathan) Modified on 5/27/2026 (R,EM). (Entered: 05/14/2026) |
| 05/27/2026 | 69 | **Order & Opinion** For the reasons stated in the Order, Defendants' Dismissal Motions are granted and the Third Amended Complaint is dismissed with prejudice as to all defendants. Signed by Judge Dan Aaron Polster on 5/27/2026. (Related Doc ## 43 , 44 , 45 , 46 , 47 , 48 , 49 , 57 , 59 , 66 ) (K,K) (Entered: 05/27/2026) |
| 05/27/2026 | | Copy of 69 Order & Opinion mailed to Sandra Worthing Alves at 25540 Byron Drive, North Olmsted, OH 44070 on 5/27/2026. (K,K) (Entered: 05/27/2026) |
| 05/28/2026 | 70 | **Motion** for Leave of Court to File Proof of Service for Defendant Carrier411, and **Motion** for Leave to File a Response to Carrier411's Motion to Dismiss filed by Plaintiff Sandra Worthing Alves. Related document(s) 65 , 66 . (Attachments: # 1 Cover Letter, # 2 Envelope). (S,DA) (Entered: 05/29/2026) |
| 06/01/2026 | | **Order** [non-document] denying as moot Plaintiff's 70 Motion for Leave of Court to File Proof of Service for Defendant Carrier411, and Motion for Leave to File a Response to Carrier411's Motion to Dismiss. (Related document 69 ) Entered on behalf of Judge Dan Aaron Polster on 6/1/2026.(K,K) (Entered: 06/01/2026) |
| 06/01/2026 | | Copy of [non-document] Order on Motion for leave and Motion for order mailed to Sandra Worthing Alves at 25540 Byron Drive, North Olmsted, OH 44070 on 6/1/2026. (K,K) (Entered: 06/01/2026) |
| 06/05/2026 | 71 | **NOTICE OF APPEAL** to the Sixth Circuit Court of Appeals from the 69 Order and Opinion, filed by Sandra Worthing Alves. Filing fee not paid. (Attachments: # 1 Cover Letter, # 2 Envelope) (H,SP) (Entered: 06/05/2026) |
| 06/05/2026 | 72 | **Motion** for pauper status for appeal filed by Plaintiff Sandra Worthing Alves. (Related document(s) 71 ). (Attachments: # 1 Affidavit in Support, # 2 Envelope) (H,SP) (Entered: 06/05/2026) |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

SANDRA WORTHING ALVES, ) Case No. 1:26-cv-00150

Plaintiff, ) Judge Dan Aaron Polster

)

v. )**<u>PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER,</u>**
**<u>) ORDER TO SHOW CAUSE</u>**

INTERNET TRUCKSTOP PAYMENTS, LLC, et al., )**<u>PRELIMINARY INJUNCTION</u>**

**<u>NOTICE OF OBSTRUCTION OF FEDERAL PROCEEDINGS</u>** <u>SUPPLEMENTAL FILING ESCALATING</u>

Defendants.

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Sandra Worthing Alves respectfully submits this Notice of Supplemental Evidence to bring to the Court's attention additional conduct by Defendant Carrier411 Services, Inc. and its principal Darren Brewer occurring on April 29, 2026 -- after Plaintiff's Emergency Motion for Temporary Restraining Order was filed on April 28, 2026 at 4:25 p.m. This conduct confirms that the harm described in the pending TRO motion is ongoing and escalating.

B

**NEW EVIDENCE -- APRIL 29, 2026**

1. At approximately 9:39 a.m. on April 29, 2026, Darren Brewer, CEO of Defendant Carrier411 Services, Inc., published a series of posts on the verified Carrier411 X/Twitter account (@realcarrier411) directed at Plaintiff and her federal litigation. Screenshots of these posts are attached hereto as Exhibits A through E.

2. In these posts, Brewer: (a) publicly identified Plaintiff by full legal name, MC number, and carrier name; (b) published Plaintiff's full Carrier411 carrier profile to Carrier411's public industry audience; (c) publicly disclosed Plaintiff's home address at 25540 Byron Drive, North Olmsted, Ohio 44070 -- doxxing a federal plaintiff in active litigation; (d) announced that Carrier411 is preparing to file a new lawsuit in Florida against Plaintiff as an individual, her trucking company MC #1710778, one of Carrier411's broker customers, and a Michigan trucking company Brewer alleges conspired with Plaintiff; (e) characterized Plaintiff's federal lawsuit, Case No. 1:26-CV-00150-DAP, as frivolous and solicited public support from the freight industry against Plaintiff, asking followers to comment or repost; and (f) stated 'This one is going to be interesting' in reference to the anticipated Florida lawsuit.

3. The public disclosure of Plaintiff's home address by a named Defendant in active federal litigation constitutes doxxing. Plaintiff is a pro se litigant with no legal staff and no resources to protect herself from potential consequences of her personal address being broadcast to an unknown number of industry participants who have been explicitly invited to take sides against her. This occurred less than 24 hours after Plaintiff filed an Emergency TRO motion documenting Brewer's intimidation of Plaintiff and a third-party witness. In response to this

doxxing, Plaintiff filed a police report with the North Olmsted, Ohio Police Department on April 29, 2026. That police report is attached hereto as Exhibit F.

**4.** Brewer's posts further claim that a Michigan trucking company was using a broker's account to access Plaintiff's Carrier411 profile on dates tied to her legal actions. Plaintiff notes for the record that motor carriers are the subject of Carrier411's platform -- their data is collected, aggregated, and distributed to broker subscribers without their consent or direct participation. Plaintiff has a right to know what information is being published about her and used to make decisions about her livelihood. Carrier411 has no contract with Plaintiff and no legal authority over her conduct. Carrier 411 has no DOT # or MC#.

**5.** The conduct documented in this Notice -- occurring less than 24 hours after Plaintiff's TRO motion was filed -- confirms that the relief requested is urgently necessary. Brewer has now: threatened a Florida lawsuit; doxxed Plaintiff's home address publicly; solicited industry opposition to her federal case; and continued his public campaign on the morning of a co-defendant's earnings call. Plaintiff respectfully requests that this Court act on the pending Emergency Motion for Temporary Restraining Order at the earliest possible opportunity.

Plaintiff respectfully requests that this Court consider this supplemental evidence in connection with her pending Emergency Motion for Temporary Restraining Order.

Respectfully submitted,

Sandra Worthing Alves, Pro Se d/b/a All
Directions Trucking
MC #1710778 | USDOT #4368789
25540 Byron Dr, North Olmsted, Ohio 44070
(440) 591-0354 | ADT@alldirections247.com
Date: April 29, 2026

**EXHIBIT INDEX**

**Exhibit A:** Screenshot -- Carrier411 (@realcarrier411), post identifying Plaintiff by name and MC number, referencing The Exchange infographic (April 29, 2026, approx. 9:53 a.m.)

**Exhibit B:** Screenshot -- Carrier411 (@realcarrier411), post announcing Florida lawsuit against Plaintiff, broker customer, and Michigan trucking company; referencing Case No. 1:26-CV-00150-DAP as frivolous (April 29, 2026, 9:39 a.m., 118 views)

**Exhibit C:** Screenshot -- Carrier411 (@realcarrier411), post publishing Plaintiff's full Carrier411 carrier profile including home address and carrier status (April 29, 2026)

**Exhibit D:** Screenshot -- Carrier411 (@realcarrier411), post containing allegations about Michigan trucking company and platform access (April 29, 2026)

**Exhibit E:** Screenshot -- Carrier411 (@realcarrier411), post soliciting industry opposition: 'Who else is tired of frivolous lawsuits and unauthorized platform misuse in freight? Drop a comment or repost if you're following along.' (April 29, 2026)

**Exhibit F:** North Olmsted, Ohio Police Department Incident Report, Case No. ___, dated April 29, 2026, filed by Plaintiff in response to public disclosure of her home address by Defendant Carrier411 Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, a true and correct copy of the foregoing Notice was served upon all counsel of record via the Court's ECF system and/or by first-class U.S. Mail, postage prepaid.

Sandra Worthing Alves, Pro Se

Date: April 29, 2026

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

SANDRA WORTHING ALVES, ) Case No. 1:26-cv-00150

Plaintiff, ) Judge Dan Aaron Polster

)

v. )

)

INTERNET TRUCK STOP PAYMENTS, LLC, et al., )**MOTION FOR SANCTIONS**

Defendants. )

)

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO**
**28 U.S.C. § 1927, FED. R. CIV. P. 11, AND THE COURT'S INHERENT AUTHORITY**
(Chambers v. NASCO, Inc., 501 U.S. 32 (1991))

## I. INTRODUCTION

**1.** Plaintiff Sandra Worthing Alves, appearing pro se, respectfully moves this Court for an award of sanctions against Defendant Carrier411 Services, Inc. and its principal Darren Brewer pursuant to this Court's inherent authority under Chambers v. NASCO, Inc., 501 U.S. 32 (1991), 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11, for bad faith conduct that has abused the judicial process, multiplied these proceedings unreasonably and vexatiously, and obstructed Plaintiff's ability to prosecute this action.

2. The factual basis for this motion is set forth in full in Plaintiff's simultaneously filed Emergency Motion for Temporary Restraining Order, which is incorporated herein by reference. In summary: on April 27, 2026, Darren Brewer, CEO of named Defendant Carrier411 Services, Inc., conducted a documented, multi-step campaign of intimidation against Plaintiff and associated witnesses, including: a public social media threat from Carrier411's verified corporate account directed at Plaintiff; a direct telephone call to Plaintiff after she had already reported him to the U.S. Marshals Service; and a telephone call to Plaintiff's motor carrier associate in which Brewer threatened his business and confirmed Plaintiff as his target in an unguarded statement at the call's conclusion. All calls were recorded.

3. This conduct forced Plaintiff -- a pro se litigant with no resources and no operating income following the destruction of her carrier authority -- to spend the overnight hours of April 27-28, 2026 researching, drafting, and preparing emergency motion practice that would not have been necessary absent Brewer's misconduct. Every hour spent on this motion is an hour not spent on the merits of this case. That is the definition of unreasonable multiplication of proceedings.

## II. LEGAL STANDARD

4. Federal courts have inherent authority to sanction bad faith conduct that abuses the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). This authority is broader than Rule 11 or § 1927 and reaches any conduct -- by any party -- that constitutes bad faith, vexatious, wanton, or oppressive behavior in connection with federal litigation. Id. at 45-46. The Court may impose sanctions including attorney fees, costs, adverse inference instructions, and default. Id.

5. 28 U.S.C. § 1927 provides that any person who unreasonably and vexatiously multiplies the proceedings in any case may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. While § 1927 typically applies to attorneys, courts within the Sixth Circuit have recognized that pro se litigants and parties may be subject to equivalent sanctions under the Court's inherent authority where the conduct at issue rises to the level of bad faith.

6. Federal Rule of Civil Procedure 11 authorizes sanctions for filings or conduct that are presented for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. The bad faith intimidation conduct documented herein is the functional equivalent of vexatious litigation conduct sanctionable under Rule 11's underlying principles, even where the conduct occurred outside the filing of formal documents.

## III. GROUNDS FOR SANCTIONS

### A. Post-Service Direct Contact With a Pro Se Plaintiff

7. Carrier411 was served with process on April 16, 2026. Eleven days after confirmed service, its CEO personally called the Plaintiff suing his company, demanded disclosure of her business relationships, referenced the pending federal lawsuit by size and content, and repeated the threatening language from his public social media post. Direct contact with a represented or pro se opposing party by a named defendant, after service of process and during active litigation, for the purpose of extracting information and delivering threats, constitutes bad faith conduct that abuses the judicial process within the meaning of Chambers.

**B. Escalation After Report to Federal Law Enforcement**

**8.** Plaintiff reported Brewer's public threat to the U.S. Marshals at 1:34 p.m. on April 27, 2026. Brewer called Plaintiff at 1:56 p.m. -- twenty-two minutes after she had reported him to federal law enforcement. He then called her associate. The escalation after a report to federal law enforcement is not negligent conduct or poor judgment. It is deliberate bad faith.

**C. Threats to Witnesses and Third-Party Carriers**

**9.** Brewer's call to Leander Richmond -- threatening his trucking business, making false FMCSA application accusations, and issuing what Brewer himself characterized as a 'preservation notice of evidence' -- constitutes witness intimidation that directly interferes with this Court's proceedings. The confirmation at the end of that call that Plaintiff was the ultimate target -- 'Alves, Alves, yeah that carrier' -- eliminates any claim of innocent business purpose.

**D. Platform Surveillance Since Filing of This Lawsuit**

**10.** Carrier411's internal monitoring records reflect that Defendant began actively surveilling Plaintiff's carrier profile on January 19, 2026 -- at or near the date this lawsuit was filed. A named defendant using its proprietary platform to conduct ongoing surveillance of the plaintiff suing it, for the duration of the litigation, constitutes bad faith conduct that this Court's inherent authority is specifically designed to address.

**E. Unreasonable Multiplication of Proceedings**

**11.** Brewer's conduct on April 27, 2026 directly caused Plaintiff to prepare and file emergency motion practice -- a TRO motion, a Notice of Confirmed Service, this sanctions motion,

and a supporting affidavit -- that would not have been necessary absent his misconduct. Plaintiff is a pro se litigant operating without counsel, without income, and without operating authority following the commercial destruction documented in her Supplemental Filing. The cost of preparing these motions -- in time, resources, and litigation burden -- falls entirely on Plaintiff. That cost was imposed by Brewer's bad faith conduct.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Award Plaintiff sanctions in the amount of $5,000.00, representing a reasonable approximation of the attorney time and litigation costs caused directly by Brewer's bad faith conduct on April 27, 2026 -- including the preparation of the Emergency Motion for Temporary Restraining Order, this Motion for Sanctions, the Notice of Confirmed Service, and the supporting Declaration, all of which were necessitated solely by Brewer's misconduct. This amount is based on a conservative estimate of 10-12 attorney hours at $350-$400 per hour for emergency motion practice of this complexity in this jurisdiction, and is supported by the fact that Plaintiff -- a pro se litigant with no operating income following the commercial destruction of her carrier authority on April 20, 2026 -- was required to prepare all of this material overnight, beginning at approximately 4:00 a.m. on April 28, 2026, without counsel and without compensation;
2. Issue an adverse inference instruction directing that the jury or Court may infer that Carrier411's platform records, call logs, and communications relating to Plaintiff, destroyed or not preserved after January 19, 2026, would have been adverse to

Carrier411's interests;

3. Order Carrier411 Services, Inc. to preserve all platform records, call logs, carrier monitoring reports, social media posts, and communications relating to Plaintiff, associated carriers, and this litigation, from January 1, 2026 to the present, under penalty of additional sanctions for spoliation;

4. Note on the record that Plaintiff preserves her right to move for entry of default against Carrier411 Services, Inc. under Fed. R. Civ. P. 55(a) upon the expiration of Carrier411's answer deadline of May 7, 2026, in combination with the bad faith conduct documented herein as grounds for default judgment; and

5. Grant such further sanctions as this Court deems just and proper to deter continued bad faith conduct and protect the integrity of these proceedings.

Plaintiff expressly reserves the right to seek additional sanctions as the full scope of Carrier411's bad faith conduct -- including its platform surveillance activities, communications with third-party brokers, and any adverse carrier actions taken against Plaintiff or associated carriers -- becomes ascertainable through discovery. The $5,000.00 amount requested herein reflects documented costs to date and is not a cap on Plaintiff's full entitlement to sanctions relief.

Respectfully submitted,

Sandra Worthing Alves, Pro Se d/b/a All
Directions Trucking Agency
MC #1710778 | USDOT #4368789
25540 Byron Dr, North Olmsted, Ohio 44070
(440) 591-0354 | ADT@alldirections247.com
Date: April 28, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2026, a true and correct copy of the foregoing Motion for Sanctions was served upon all counsel of record via the Court's ECF system and/or by first-class U.S. Mail, postage prepaid.

Sandra Worthing Alves, Pro Se
Date: April 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SANDRA WORTHING ALVES d/b/a
ALL DIRECTIONS TRUCKING,

Plaintiff,

v.

INTERNET TRUCKSTOP PAYMENTS LLC
et al.,

Defendants.

**Case No. 1:26-CV-00150-DAP**
Judge Dan Aaron Polster

# DECLARATION OF SANDRA WORTHING ALVES IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR SANCTIONS

(28 U.S.C. § 1746)

## DECLARATION

I, Sandra Worthing Alves, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my personal knowledge, information, and belief:

## I. Identity and Background

2. I am the Plaintiff in the above-captioned action. I am the sole owner and operator of All Directions Trucking, a federally authorized motor carrier operating under MC #1710778 and USDOT #4368789, based in North Olmsted, Ohio. All Directions Trucking Agency is a separate operating identity through which I am building The Exchange, described below. I appear pro se in this action. I have nearly eleven years of experience in the trucking industry spanning driving, dispatching, operations management, and safety management, including approximately 41 carrier inspections.

3. I am the founder of The Exchange, a carrier-controlled private freight marketplace operated through All Directions Trucking Agency. All Directions Trucking is the federally authorized motor carrier. All Directions Trucking Agency is The Exchange -- the marketplace platform. They are distinct entities. Darren Brewer's calls on April 27, 2026 targeted both simultaneously: the carrier, through threats to my operating authority and business relationships, and the platform builder, through the intimidation of a founder who represents a direct structural threat to every revenue layer of the enterprise alleged in this action.

4. The Exchange is designed to replace the existing broker-platform surveillance and payment control system with a transparent, escrow-based, privacy-first freight network in which carriers control their own data, buyers pay upfront into escrow, and funds are released to the carrier only upon confirmed delivery. The Exchange eliminates the broker spread, the ELD surveillance requirement, the vetting gatekeeping architecture, and the payment obstruction mechanism simultaneously. Marketing materials describing The Exchange are attached to the TRO motion as Exhibits 12 and 13.

## II. The Surveillance Architecture and Scaled Threat

5. Based on my industry experience and my research conducted in connection with this litigation, I have developed a detailed understanding of the integrated surveillance architecture that underlies the enterprise alleged in my Amended Complaint. That architecture includes: Motive Technologies' ELD and dashcam network collecting continuous in-cab and road-facing data from over one million commercial vehicles; GenLogs' roadside sensor, satellite, and Flock camera network capturing 3.4 billion images of commercial vehicles at a rate of 15 million per day, observing 99% of active motor carriers; license plate reader networks logging every movement of every commercial vehicle; Highway App's carrier vetting platform requiring biometric identity collection and integrating with ELD data flows; and Carrier411's reputation scoring and alert distribution system broadcasting carrier status to broker subscribers.

6. These systems are integrated. They share data across platforms. A carrier's DOT number, MC number, VIN, license plate number, CDL number, and phone number are persistent identifiers that flow through every layer of this architecture simultaneously. The SearchCarriers network visualizations attached to the TRO motion as Exhibits 10a and 10b demonstrate in visual form how a single carrier entity connects to dozens of others

through shared VINs, shared plates, and shared phone numbers -- the same cross-referencing methodology used to identify chameleon carriers.

**7.** I have taken physical protective measures in response to my understanding of this surveillance architecture, including covering my DOT numbers and limiting my truck's public exposure. I took these measures because I understand that the same integrated network that identifies chameleon carriers through persistent identifier cross-referencing can be -- and based on the evidence I have gathered, is being -- used to track, monitor, and target me as a federal plaintiff.

**8.** I cannot simply lease onto another carrier to resume operations free from this surveillance, because my CDL number and phone number are persistent identifiers already in the system. The threat does not end when my MC number goes inactive. I remain visible, trackable, and targetable through the integrated platform layer regardless of what entity I operate under. This is the reality of the surveillance architecture I am describing. It is not hypothetical. It is operational.

**III. The April 27, 2026 Events -- Personal Knowledge**

**9.** On April 27, 2026, I observed a public post from the verified X/Twitter account of Carrier411 Services, Inc. (@realcarrier411) directed at my account (@Sandy37554727) stating in substance: 'I may have just figured out who you are. And if I am correct, things are going to come crashing down. We may have connected the dots.' A true and accurate screenshot of this post is attached to the TRO motion as Exhibit 1.

**10.** At 1:34 p.m. on April 27, 2026, I called the United States Marshals Service to report this public threat and my concern that it was connected to my pending federal litigation.

**11.** At 1:56 p.m. on April 27, 2026, I received a direct telephone call from Darren Brewer. I was already recording the call, as it was indicated to both parties when he identified himself. When Brewer instructed me to record the call, I responded: 'I'm glad you consented to recording.' I recorded this call pursuant to Ohio Rev. Code § 2933.52. A true and accurate copy of this recording is attached as Exhibit 5. During this call, Brewer referenced my federal lawsuit, demanded I disclose my relationship with Lisa Stokes of Cargo Connections (Michigan), repeated the phrase 'we have connected the dots,' stated Carrier411 had 'all the proof,' and implied I would be hearing from Lisa Stokes. I have no business relationship with Lisa Stokes or Cargo Connections and have never worked with that brokerage.

**12.** Shortly after Brewer's call to me, my associate Leander Richmond, an independent motor carrier, received a call from Darren Brewer. Mr. Richmond merged me onto the call. I remained silent throughout. Brewer did not know I was present. Brewer consented to the call being recorded. A true and accurate copy of this recording is attached as Exhibit 6. During this call, Brewer referred to me repeatedly by the wrong name ('Sandra Worthington Ellington'), questioned Mr. Richmond about his relationship with me,

claimed Mr. Richmond's credit card was being charged for a Michigan broker account he had no knowledge of, threatened Mr. Richmond's FMCSA standing by stating it was a federal crime to withhold information on FMCSA applications, threatened Mr. Richmond's business by stating 'good luck with your trucking company,' and at the end of the call, audibly said to an unidentified third party: 'Alves, Alves, yeah that carrier.' I heard this statement directly. It confirmed to me that I was the target of the entire call.

**13.** At 1:59 p.m. on April 27, 2026, I called the United States Marshals Service a second time to report Brewer's direct call to me, his call to Mr. Richmond, the recordings, and my continued concern about obstruction of my federal litigation.

## IV. Carrier411 Monitoring Report

**14.** Several months prior to April 27, 2026, a third-party motor carrier associate obtained from Carrier411's platform a carrier monitoring report for All Directions Trucking. That report, attached to the TRO motion as Exhibit 8, reflects that Carrier411 began monitoring my carrier profile on January 19, 2026 -- at or near the date I filed this federal lawsuit. I did not authorize Carrier411 to monitor my carrier profile. I did not have a contractual relationship with Carrier411. The monitoring was initiated by a named Defendant in this action against the Plaintiff suing it, within days of the complaint being filed.

## V. Commercial Destruction and Irreparable Harm

**15.** As documented in my Supplemental Filing filed April 28, 2026, my operating authority MC #1710778 was revoked on April 20, 2026, as a direct and foreseeable result of Defendants' coordinated payment obstruction. My insurer will not reinstate. The commercial destruction of All Directions Trucking is complete and documented to the day. I completed my final load on April 15, 2026, under duress, with no insurance, because I had no viable alternative once I had accepted the load and was in interstate commerce away from home.

**16.** I funded this business with a $25,000 inheritance from my paternal grandfather, Paul Richard Worthing Sr. My son Grange Alves invested no less than $63,177.86 in documented support of these operations. That investment has been destroyed by the coordinated conduct of Defendants. I have no income. I have no operating authority. I am rebuilding through an alternative carrier arrangement at my sole cost during a 30-day qualification period with zero income. I am filing these motions at 5:00 a.m. because I have no attorney and no choice.

## VI. The Exchange, The Defense Production Act, and the Public Interest Emergency

**17.** All Directions Trucking is the federally authorized motor carrier. All Directions Trucking Agency is The Exchange. They are distinct. This distinction matters because the enterprise did not merely destroy my carrier -- it destroyed the platform being built to replace the enterprise itself. The Exchange has zero capital to build because Defendants'

coordinated payment obstruction and authority revocation eliminated the carrier revenue stream that would have funded its development. The company town did not merely evict a tenant. It burned down the plans for the new town.

**18.** The Dark Highway Enterprise -- as I have named the coordinated platform system of Motive, Highway App, ITP/Denim, GenLogs, Carrier411, CHR, TQL, and Magellan -- is ongoing and continuous. It did not pause when I filed this lawsuit. It did not pause when the FMCSA opened an investigation. It did not pause when 60 Minutes documented chameleon carrier operations by CHR's own 2025 Carrier of the Year. It continued. C.H. Robinson -- the largest freight broker in the world -- is actively operating with carriers documented through its own intelligence vendor GenLogs as chameleon operations. Brokers across the enterprise are simultaneously participating in a system that conditions carrier market access on submission to a surveillance and payment control architecture that no federal law authorized them to build. This is not a past harm. It is a present and continuous one.

**19.** The harm to me and to Mr. Richmond is not isolated. Carrier411's platform actions affect approximately 55 carriers per week through its broker subscriber network. Those carriers receive no notice, have no appeal, and have no recourse. Every week this enterprise continues unchecked, 55 more carrier businesses are subjected to the same scoring, flagging, and effective blacklisting that contributed to the destruction of All Directions Trucking. Every week, the same payment obstruction architecture that stripped my earned receivables and forced me to drive my last load without insurance is being replicated across the independent carrier population. Every week, the same surveillance infrastructure that makes my CDL number and phone number permanent targets is being used to identify, track, and control federally authorized carriers who believe they are operating freely in an open market. They are not. There is no open market. There is only the company town.

**20.** The Exchange must be built. The supply chain of the United States depends on independent motor carriers who are currently being systematically excluded, surveilled, and financially destroyed by a private platform ecosystem that has captured every mandatory point of entry and exit in the freight market. If the independent carrier population continues to be eliminated through coordinated platform control, the capacity, redundancy, and resilience of American freight infrastructure will be permanently compromised. This is not a trucking industry problem. It is a national infrastructure problem.

**21.** I respectfully call upon this Court, and through this permanent federal record upon Congress and the relevant federal agencies, to consider the following structural remedy: invocation of the Defense Production Act for a clean industry transition requiring electronic logging device technology to disconnect from all third-party commercial platforms and return to carrier-facing hours-of-service compliance only -- the function for which the federal ELD

mandate was enacted. The ELD mandate was passed to improve highway safety. It was not passed to create a data monetization infrastructure for private platform companies. The technology should shrink back to its lawful purpose. The platforms built on top of the federal mandate without federal authorization should be sundowned through a managed transition that protects carriers, shippers, and the supply chain simultaneously.

**22.** This Declaration is submitted in support of emergency relief in this action. It is also submitted for the permanent federal record -- for this Court, for the agencies and Congressional offices to which Plaintiff has previously transmitted her GOD MODE: COMPANY TOWN document, and for every carrier, shipper, driver, and citizen who moves through a system they did not choose and cannot see. If it can be seen, it can be used against you. This Court has the power to make it stop.

## VII. Corroboration by Public Record

**23.** The statements made in this Declaration regarding the enterprise, the surveillance architecture, and the ongoing harm are corroborated by the public record evidence submitted as exhibits to Plaintiff's Amended Complaint, Consolidated Response, and Supplemental Filing, including: GenLogs' own website confirming 99% carrier observation, 3.4 billion images, and law enforcement as a customer; GenLogs' Series B announcement confirming expansion of data collection while this case was pending; the 60 Minutes chameleon carrier investigation documenting CHR's relationship with Super Ego Holdings; CHR's public Carrier of the Year award to an entity with no DOT number, no MC number, and no operating authority; Motive Technologies' Form S-1 SEC filing describing the Physical Operations Graph and the $600 million NYSE offering built on carrier-generated data; the FMCSA investigation of Plaintiff's authority triggered by ITP's payment obstruction; and the April 27, 2026 recordings described herein. None of these facts are in dispute. They are in the public record. They speak for themselves.

**24.** I declare under penalty of perjury that the foregoing is true and correct.

Sandra Worthing Alves
Pro Se Plaintiff
d/b/a All Directions Trucking /
All Directions Trucking Agency (The Exchange)
MC #1710778 | USDOT #4368789
25540 Byron Dr, North Olmsted, Ohio 44070

Date: April 28, 2026

State of Ohio
County of Cuyahoga

Subscribed and sworn to before me this _____ day of April, 2026.

______________________________________
Notary Public
My commission expires: _______________

Sandra Worthing Alves, Pro Se
d/b/a All Directions Trucking
25540 Byron Dr
North Olmsted, Ohio 44070
(440) 591-0354
ADT@alldirections247.com

April 28, 2026

Clerk of Court
United States District Court
Northern District of Ohio, Eastern Division
Carl B. Stokes United States Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113

**Re: Sandra Worthing Alves d/b/a All Directions Trucking v. Internet Truckstop Payments LLC et al.**

**Case No. 1:26-CV-00150-DAP | Judge Dan Aaron Polster**

**EMERGENCY FILING -- REQUEST FOR IMMEDIATE JUDICIAL ATTENTION**

Dear Clerk of Court:

Plaintiff Sandra Worthing Alves, appearing pro se, respectfully submits the following documents for filing in the above-captioned action and requests that this filing be brought to the immediate attention of Judge Polster given its emergency nature.

**DOCUMENTS SUBMITTED FOR FILING TODAY:**

**Document 1:** Plaintiff's Emergency Motion for Temporary Restraining Order, Order to Show Cause Re: Preliminary Injunction, and Notice of Obstruction of Federal Proceedings

(Fed. R. Civ. P. 65(b); 18 U.S.C. §§ 1512, 1513, 1514). This motion requests immediate emergency relief directing named Defendant Carrier411 Services, Inc. and its principal Darren Brewer to cease all contact, surveillance, and adverse platform action directed at Plaintiff and associated witnesses. Plaintiff requests same-day or next-day consideration given the ongoing and escalating nature of the conduct described.

**Document 2:** Motion for Sanctions Pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and the Court's Inherent Authority (Chambers v. NASCO, Inc., 501 U.S. 32 (1991)). Requesting $5,000 in sanctions and additional relief arising from Defendant Carrier411 and its principal's bad faith conduct on April 27, 2026.

**Document 3:** Declaration of Sandra Worthing Alves in Support of Emergency Motion for Temporary Restraining Order and Motion for Sanctions (28 U.S.C. § 1746). Sworn declaration setting forth Plaintiff's personal knowledge of the April 27, 2026 events, the surveillance architecture underlying this litigation, and the public interest basis for emergency relief.

**Document 4:** Notice of Confirmed Service Upon Defendant Carrier411 Services, Inc. and Notice of Failure to Appear. USPS Tracking Number 9589071052703677418175 confirms delivery of service of process on April 16, 2026. Carrier411's answer deadline is May 7, 2026.

**CERTIFICATES OF SERVICE:**

Each document contains a Certificate of Service. Copies have been served or will be served upon all counsel of record via U.S. Mail on April 28, 2026.

**EXHIBITS:**

The TRO Motion is supported by Exhibits 1 through 14, attached. The Declaration is supported by the same exhibit set. Audio recordings (Exhibits 5 and 6) are submitted on physical media or via secure file transfer as directed by the Court.

**REQUEST FOR EMERGENCY CONSIDERATION:**

Plaintiff respectfully requests that Document 1 (Emergency TRO Motion) be presented to Judge Polster for emergency consideration at the earliest possible opportunity. The conduct described occurred on April 27, 2026. It involves a named Defendant in active federal litigation who has

made direct contact with Plaintiff and a third-party witness, threatened their businesses, and conducted ongoing surveillance of Plaintiff's carrier profile since the filing of this lawsuit. The harm is ongoing. Immediate relief is requested.

Thank you for your assistance.

Respectfully submitted,

______________________________

Sandra Worthing Alves, Pro Se

d/b/a All Directions Trucking

Date: April 28, 2026

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SANDRA WORTHING ALVES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**INTERNET TRUCKSTOP PAYMENTS, LLC, *et al.*,**<br><br>**Defendants.** | ) | **CASE NO: 1:26-cv-0150**<br><br>**Judge Dan Aaron Polster**<br><br>**ORDER** |

The Court is in receipt of Plaintiff Sandra Worthing Alves' motion for temporary restraining order, order to show cause for a preliminary injunction, and "notice of obstruction of federal proceedings," as well as her motion for sanctions against Defendants Carrier411 (collectively, the "Motions"). *See* ECF 62, 64. The Court also notes Plaintiff's supplemental filing just two days prior. *See* ECF 60. Collectively, these three filings total several hundred pages. Indeed, nearly every filing by Plaintiff is hundreds of pages long. *See, e.g.*, ECF 52 (totaling 361 pages); ECF 30 (dismissing Plaintiff's First Amended and Second Amended Complaints for, *inter alia*, failing to comply with federal pleading standards, including that a complaint's allegations be short and plain statements).

As previously noted by this Court, Plaintiff's extremely lengthy and constant pleadings "are unwieldly and indecipherable," making it "impossible for the Court (or Defendants) to parse Plaintiff's hundreds of pages of pleadings to ascertain her allegations and legal claims." ECF 30, at 2. Plaintiff has already been warned that her "*pro se* status does not relieve her of the requirement of complying with federal pleading rules." *Id.* at 2-3.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Carrier 411
Registered Agent
Smith Gambrell + Russell LLP
50 North Laura St.
Jacksonville FL 32202

9590 9402 9481 5069 4633 00

2. Article Number (Transfer from service label)

9589 0710 5270 3677 4181 75

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☑ Agent ☐ Addressee

B. Received by (Printed Name): Carly Senatore
C. Date of Delivery: 4/16/26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☐ Priority Mail Express®
☐ Adult Signature
☐ Registered Mail™
☐ Adult Signature Restricted Delivery
☐ Registered Mail Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Signature Confirmation™
☐ Collect on Delivery
☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

---

USPS TRACKING #

9590 9402 9481 5069 4633 00

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Sandra Worthing Alves
25540 Byron Dr.
North Olmsted OH 44070

070-190140

D

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

US District Court
801 West Superior Ave
Cleveland Ohio 44113

9590 9402 9792 5266 8582 92

2. Article Number (Transfer from service label)

0710 5270 3677 4382 89

A. Signature

X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 6/5/24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

USPS TRACKING #

9590 9402 9792 5266 8582 92

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Sandra M. Worthing Alves
25340 Byron Dr.
North Olmsted OH 44070

E

12:12
◂ App Store

Sandra Worthing 0:16

We don't have a contract wih you

Darren Brewer 0:16

What's your relationship with Lisa Stokes and the broker out of Michigan and cargo connections.

Sandra Worthing 0:22

That's proprietary. It's none of your business. You don't have an MC or DOT number. You have no authority to even ask me anything. We're in the middle of a federal lawsuit. Why don't you have your attorney contact me? I took your threats very seriously.

Darren Brewer 0:39

We are represented by council

Sandra Worthing 0:39

I reported it to the US Marshal that you threatened me on Twitter, and I

F

1:44 / 1:53 1x

12:12
◂ App Store

Sandra Worthing 0:39

I reported it to the US Marshal that you threatened me on Twitter, and I quote "I may have just figured out who

Darren Brewer 0:43

I never threatened you wit anything

Darren Brewer 0:43

So I'm gonna

Sandra Worthing 0:43

you are, and if I'm correct, things are going to come crashing down. We may have connected the dots."

Darren Brewer 0:53

What we have connected the dots?

Sandra Worthing 0:55

That's what you said.

1:44 / 1:53 1x

12:13
◂ App Store

Darren Brewer 0:57

We have connected the dots between you and Lisa Stokes with cargo connections and this crazy 520 something page l lawsuit that you filed and over and over again. So I'm just going to ask you, what is your relationship with Lisa Stokes and cargo connections, who's violated our terms of service?

Sandra Worthing 1:16

It's none of your business,

Darren Brewer 1:17

and we have all the proof.

Sandra Worthing 1:18

Proof of what

Darren Brewer 1:18

What is she like your sister in law or something like that? At least call I'm gonna give you. Would you like to? I'll

1:44 / 1:53 1x

12:13
◂ App Store

DB Darren Brewer 1:18

What is she like your sister in law or something like that? At least call I'm gonna give you. Would you like to? I'll have my attorney send you preservation of evidence notice, please. You are recording this call, correct?

SW Sandra Worthing 1:33

Yes, we are recording this call.

DB Darren Brewer 1:35

Good. Keep this call. What's your relationship with Lisa Stokes and

DB Darren Brewer 1:38

cargo connections?

SW Sandra Worthing 1:40

I don't have to answer any questions. Don't go out of Michigan. I don't need to answer any questions.

1:44 / 1:53 1x

DB Darren Brewer 1:35

Good. Keep this call. What's your relationship with Lisa Stokes and

DB Darren Brewer 1:38

cargo connections?

SW Sandra Worthing 1:40

I don't have to answer any questions. Don't go out of Michigan. I don't need to answer any questions.

DB Darren Brewer 1:44

She'll probably be calling you if she hasn't already. I hope you have a nice day. Goodbye.

**Rate transcript quality**

1:44 / 1:53

1x

# North Olmsted Police Department
# Witness Statement Form

**Report:** ____________ **Date:** 4-29-2026 **Time:** __________

The following is the statement of:

**NAME:** Sandra Worthing Alves

**ADDRESS:** 25540 Byron Dr. North Olmsted, OH 44070

**DOB:** 5-08-1973 **DRIVER'S LICENSE:** RE532198

**PHONE:** 440-591-0354 (H) ____________ (C) 440-591-0354 (W)

Voluntarily make the following statement to: report Darren Brewer of Carrier 411

On the date of: April 29, 2026 At the approximate time of: 5:04

I understand that I am not compelled to make this statement and have no control over how this statement may be used. No promises or threats have been made towards me to make said statement.

I was reporting to US Marshals on an escalating situation with Darren Brewer COE of Carrier 411.com and his direct threats & intimidation online, on twitter/X and direct recorded phone call. He is a Defendant in an Active Federal Rico Lawsuit, United States District Court Northern District of OHIO - Cleveland Case no 1:26-CV-00150 DAP

See attached detailed Summary & images W/ Transcripts

NOTE: Any person who knowingly makes a false statement with the purpose to mislead a public official in performing their official duties may be charged with Falsification, ORC 2921.13, a misdemeanor of the first degree, punishable by up to $1,000 in fines and/or up to 180 days in jail.

I have read this statement, and to the best of my knowledge, know it to be true.

**WITNESS:** ____________________ **SIGNATURE:** [signature]

**WITNESS:** ____________________

G

Revised 01/02/14

NORTH OLMSTED POLICE DEPARTMENT
27243 LORAIN RD NORTH
OLMSTED, OH 44070
NORTH-OLMSTED.COM

EMERGENCY: 911 OR 440-777-1234
NON-EMERGENCY: 440-777-3535
FAX: 440-777-9189

REPORT/CAD LOG: 26-33180

REPORT/CAD DATE: 4/29/26

REPORTING OFFICER: MARTIN 102

OTHER INFORMATION: ____________

Accident reports available online (excludes private property)

# WRITTEN WITNESS / COMPLAINANT STATEMENT

**North Olmsted Police Department**

(or receiving law enforcement agency)

## SECTION 1: COMPLAINANT INFORMATION

**Full Legal Name:**
Sandra Worthing Alves

**Home / Business Address:**
25640 Byron Drive, North Olmsted, Ohio 44070

**Phone:**
(440) 591-0354

**Email:**
ADT@ALLDIRECTIONS247.COM

**Date of Statement:**
April 29, 2026

**Business:**
All Directions Trucking, MC #1710778, USDOT #4368789 — Federally authorized motor carrier, North Olmsted, Ohio

## SECTION 2: NATURE OF REPORT

**Report Type:**
Threatening and harassing communications — ongoing, escalating. Request for official documentation of incidents.

**Subjects of Report:**

**Darren Brewer** — CEO, Carrier411 Services, Inc.

**Carrier411 Services, Inc.** — Verified X (Twitter) account: @realcarrier411

**Related Federal Proceeding:**
United States District Court, Northern District of Ohio — Case No. 1:26-CV-00150-DAP, Sandra Worthing Alves d/b/a All Directions Trucking v. Internet Truckstop Payments LLC et al., Judge Dan Aaron Polster presiding.

## SECTION 3: COMPLAINANT STATEMENT (CHRONOLOGICAL)

I, Sandra Worthing Alves, submit the following statement documenting a series of threatening communications and retaliatory public conduct directed at me personally and at my business, All Directions Trucking, by Darren Brewer and Carrier411 Services, Inc.

I am the pro se plaintiff in a federal civil RICO lawsuit currently pending in the Northern District of Ohio. Carrier411 Services, Inc. is a named defendant in that case. The following events occurred while that litigation was active.

**INCIDENT 1 — April 27, 2026: Public Threatening Post on X (Twitter)**

On April 27, 2026, Darren Brewer, acting through the verified Carrier411 Services, Inc. X account (@realcarrier411), published a public post directed at me using my full legal name. The post stated, in relevant part:

> *"I may have just figured out who you are.... We may have connected the dots."*

This statement was made publicly while I am the plaintiff in a federal RICO lawsuit in which Carrier411 is a named defendant with a pending answer deadline of May 7, 2026. I interpreted this statement as a direct personal threat. I have a screenshot of this post.

**INCIDENT 2 — April 27, 2026: Direct Unsolicited Phone Call from Darren Brewer**

Following the public post described above, I received a direct phone call from Darren Brewer on April 27, 2026, at approximately 1:56 PM. During this call, Mr. Brewer referenced my federal lawsuit and made statements including:

> *"things are going to come crashing down"*

Mr. Brewer demonstrated awareness of details related to my legal filings and the status of my case. I recorded this phone call. I reported this threat to the United States Marshals Service at 1:34 PM and again at 1:59 PM on April 27, 2026, and I obtained report numbers from those contacts. I also filed a Motion for Temporary Restraining Order and Motion for Sanctions in the federal case on April 28, 2026, documenting these events.

**INCIDENT 3 — April 29, 2026: Escalated Public Retaliation Campaign on X (Twitter)**

On April 29, 2026 — the morning after I filed my TRO Motion in federal court — Carrier411 Services, Inc. published a multi-part post thread on X at approximately 9:39 AM, with 109 documented views. This thread included the following actions directed at me:

**1. Public doxxing:** Carrier411 published my full legal name, MC number, USDOT number, home business address (25640 Byron Drive, North Olmsted, Ohio 44070), personal email address, and personal phone number in a public post visible to the freight industry.

**2. Announced new Florida lawsuit:** Carrier411 publicly announced it is "preparing to file a brand new lawsuit in Florida" against me individually and my company, naming a broker customer and a Michigan trucking company as co-defendants — framing me as the subject of a conspiracy.

**3. Industry blacklisting:** Carrier411 published a screenshot of my company's Carrier411 profile displaying an internal "Policy: Not Acceptable" designation and "Inactive Carrier Authority" status to a freight industry audience, with the apparent intent of causing brokers to deny freight to my company.

**4. Defamatory platform access allegation:** Carrier411 publicly alleged that I "attempted to white-out or obscure" unique identifiers from Carrier411 documents I filed as exhibits in federal court, and claimed a visible identifier "matched to our internal logs" — framing my court filings as evidence of wrongdoing.

**5. Industry opinion solicitation:** Carrier411 publicly asked followers, "Who else is tired of frivolous lawsuits and unauthorized platform misuse in freight?" while characterizing my pending federal RICO case as frivolous.

**6. Business interference:** In a separate post, Carrier411 mocked The Exchange, a separate business platform I am developing, by displaying The Exchange infographic and appending the comment: "Yeah, right."

**INCIDENT 4 — April 29, 2026: Third-Party Amplification of Threat**

At approximately 10:27 AM on April 29, 2026, a third party with a verified X account (@alexjlockie) publicly replied to one of my posts, quoting Carrier411's April 27 threatening language back at me and commenting on it. This demonstrates that the original threatening post has entered broader public circulation.

**SECTION 4: IMPACT AND CONCERN**

The above conduct has caused me concern for the following reasons:

(1) The public disclosure of my home business address, personal phone number, and personal email by a party who has already made threatening statements creates a personal safety risk.

(2) The freight industry audience targeted by these posts directly controls whether brokers will assign loads to my company, and the "Policy: Not Acceptable" designation broadcast publicly is causing ongoing economic harm.

(3) The escalating pattern — public threat, direct phone call, TRO filing, immediate retaliatory public campaign — indicates coordinated and intentional conduct.

(4) I am a sole operator and pro se litigant without institutional support. I am filing this report to create an official local record in addition to the federal court record.

## SECTION 5: EVIDENCE IN COMPLAINANT'S POSSESSION

The following evidence is available and can be provided upon request:

- Screenshot of April 27, 2026 threatening X post by @realcarrier411
- Audio recording of April 27, 2026 phone call from Darren Brewer
- U.S. Marshals Service report numbers (April 27, 2026)
- Screenshots of April 29, 2026 multi-part X post thread by @realcarrier411 (7 screenshots)
- Screenshot of third-party amplification post by @alexjlockie (April 29, 2026)
- Federal court filing: Motion for TRO and Sanctions, filed April 28, 2026, Case No. 1:26-CV-00150-DAP
- Federal court filing: Supplemental Declaration re April 29 retaliation, filed April 29, 2026

## SECTION 6: REQUEST TO LAW ENFORCEMENT

I am requesting that this agency:

(1) Accept and file this written statement as an official incident report;

(2) Assign a report number for my records and for use in pending federal court proceedings;

(3) Review the recorded phone call and public posts described above for potential violations of Ohio Revised Code Section 2903.211 (menacing by stalking), Section 2917.21 (telecommunications harassment), or other applicable statutes.

---

## COMPLAINANT CERTIFICATION

I declare that the foregoing statement is true and correct to the best of my knowledge and belief.

Signature: ______________________________ Date: ______________

Printed Name: Sandra Worthing Alves

**FOR LAW ENFORCEMENT USE ONLY**

---

Report No.: ______________________________

Receiving Officer Name / Badge No.: ______________________________

Date / Time Received: ______________________________

Agency: ______________________________

Notes: ______________________________



**Carrier411 Services, Inc.** · 12h

Replying to @Sandy37554727 and @TheDwightYoung

I may have just figured out who you are. And if I am correct, things are going to come crashing down. We may have connected the dots.

H

2

10:37

Post

Carrier411 Services, I... X.com
@realcarrier411

Good morning freight industry!

Quick follow-up on last night's post about Ohio carrier MC1710778 Sandra Worthing Alves dba All Directions Trucking and her Ohio lawsuit that pretty much names major players freight tech and most of the logistics industry - including over 29,000 "John Doe" brokers (Case 1:26-cv-00150).

We are preparing to file a brand new lawsuit in Florida against Sandra Worthing Alves as an individual and her trucking company MC1710778 All Directions Trucking, one of our broker customers, and another Michigan trucking company that

Post your reply

10:37



**Carrier411 Service...** · 42m

x.com/realcarrier411...

**Carrier411 Servic...** · 52m

**Good morning freight industry!**

**Quick follow-up on last night's post about Ohio carrier MC1710778 Sandra Worthing Alves dba All Directions Trucking and her Ohio lawsuit that pretty much names major players freight tech and most of the logistics industry - including over** Show more


Carrier411
Carrier Monitoring Service

My Account | Report Card | OOS Alerts | Compliance Alerts | Safety Alerts | FreightGuard Alerts | Crash Alerts | Log Off

SPOT CHECK | MY CARRIERS | MY ALERTS | INTRASTATE | CARRIER LOCATOR | LANE LOCATOR | BROKER LOCATOR

SUBMIT FREIGHTGUARD REPORT — SUBMIT
SEARCH BY DOCKET NUMBER — SEARCH
SEARCH BY USDOT NUMBER — SEARCH

START MONITORING

MC1710778 USDOT 4368789

SANDRA WORTHING ALVES
DBA ALL DIRECTIONS TRUCKING

INACTIVE CARRIER AUTHORITY

1 TRUCK REPORTED 2 INSPECTIONS STARTED FEB 27, 2025

2 TRUCKS INSPECTED 1 TRAILER INSPECTED

BUSINESS ADDRESS
PHONE (440) 591-0354
CONTACT SANDRA WORTHING ALVES

RELATED COMPANIES DETECTED

FRAUD PREVENTION SEARCHES

FreightGuard Reports

No reports submitted about this carrier

SUBMIT FREIGHTGUARD REPORT

Carrier Qualification Guidelines

These guidelines help you qualify the company if you consider using it as a motor carrier.

CARRIER SAFETY RATING — GOOD
CARRIER AUTHORITY — ISSUE
INSURANCE COVERAGE — ISSUE

Carrier Qualification Company Policy

This company does not meet your company policy based on Carrier Qualification Settings

POLICY — NOT ACCEPTABLE

8

J

Carrier411
Carrier Monitoring Service

My Account | Report Card | OOS Alerts | Compliance Alerts | Safety Alerts | FreightGuard Alerts | Crash Alerts | Log Off

SPOT CHECK · MY CARRIERS · MY ALERTS · INTRASTATE · CARRIER LOCATOR · LANE LOCATOR · BROKER LOCATOR

SUBMIT FREIGHTGUARD REPORT
ENTER NUMBER WITHOUT MC FF MX PREFIX
ENTER DOCKET | SUBMIT

SEARCH BY DOCKET NUMBER
ENTER NUMBER WITHOUT MC FF MX PREFIX
ENTER DOCKET | SEARCH

SEARCH BY USDOT NUMBER
ENTER NUMBER WITHOUT LEADING ZEROS
ENTER USDOT | SEARCH

COMPANY NOT MONITORED
START MONITORING

## MC1710778 USDOT 4368789

**SANDRA WORTHING ALVES**
**DBA ALL DIRECTIONS TRUCKING**

**INACTIVE CARRIER AUTHORITY**

**1 TRUCK REPORTED 2 INSPECTIONS STARTED FEB 27, 2025**

**2 TRUCKS INSPECTED 1 TRAILER INSPECTED**

VIEW DECODED TRUCKS VIEW DECODED TRAILER

**BUSINESS ADDRESS**
25540 BYRON DR
NORTH OLMSTED, OH 44070

**PHONE** (440) 591-0354
**EMAIL** ADT@ALLDIRECTIONS247.COM
**CONTACT** SANDRA WORTHING ALVES

Create Due Diligence Certificate

**DUE DILIGENCE** 7E16A264299C530923573537848B33D

### RELATED COMPANIES DETECTED

Our artificial intelligence engine detected this company is related to companies that have active or inactive carrier or broker authority or companies applying for new authority. Fraud Prevention Searches analyze archived FMCSA authority data since January 2005. Some searches are also based on current FMCSA census data that is updated every morning.

### FRAUD PREVENTION SEARCHES

Archive Phone Search · Email Address Search · Ohio Secretary of State
Archive Fax Search · Fraud Alert Search
Contact Name Search · Contact Information Search

### FreightGuard Reports

No reports submitted about this carrier.

SUBMIT FREIGHTGUARD REPORT

### Carrier Qualification Guidelines

These guidelines help you qualify the company if you consider using it as a motor carrier.

| | |
|---|---|
| BASIC PERCENTILE SCORES | CAUTION |
| CARRIER SAFETY RATING | GOOD |
| CARRIER AUTHORITY | ISSUE |
| INSURANCE COVERAGE | ISSUE |

**DDID** 7E16A264299C530923573537848B33D

### Carrier Qualification Company Policy

This company does not meet your company policy based on Carrier Qualification Settings.

| | |
|---|---|
| POLICY | NOT ACCEPTABLE |



**Carrier411 Services, I... · 57m**

**Good morning freight industry!**

**Quick follow-up on last night's post about Ohio carrier MC1710...**

116

Michigan trucking company that appeared to conspire with Alves.

Heres what we discovered:

A Michigan trucking company was illegally using our platform (via a broker's account) to repeatedly look up Alves own trucking company profile for MC1710778 on specific dates that line up directly with her legal actions. They were viewing her full Carrier411 profile, which pulls extensive current and historical FMCSA data.

Even though she attempted to white-out or obscure our unique system-generated identifiers on documents from our site she filed in court, one remained visible. That identifier, matched to our internal logs, and it provided more than just clear forensic attribution.

10:38

matched to our internal logs, and it provided more than just clear forensic attribution.

This is a serious violation of our Terms of Service and other legal issues that will be addresses. We do not allow carriers to have accounts, and we take unauthorized access and misuse of our platform very seriously.

This one is going to be interesting.

Full details from last night's post here:

x.com/realcarrier411...

Who else is tired of frivolous lawsuits and unauthorized platform misuse in freight? Drop a comment or repost if you're following along.

Protecting brokers verifying carriers.

Post your reply

E

10:38

Post

**Who else is tired of frivolous lawsuits and unauthorized platform misuse in freight? Drop a comment or repost if you're following along.**

**Protecting brokers verifying carriers.**

carrier411.com



Carrier411 Carrier Monitoring Service

My Account | Report Card | OOS Alerts | Compliance Alerts | Safety Alerts | FreightGuard Alerts | Crash Alerts | Log Off

SPOT CHECK MY CARRIERS MY ALERTS INTRASTATE CARRIER LOCATOR LANE LOCATOR BROKER LOCATOR

SUBMIT FREIGHTGUARD REPORT
ENTER NUMBER WITHOUT MC FF MX PREFIX
ENTER DOCKET SUBMIT

SEARCH BY DOCKET NUMBER
ENTER NUMBER WITHOUT MC FF MX PREFIX
ENTER DOCKET SEARCH

SEARCH BY USDOT NUMBER
ENTER NUMBER WITHOUT LEADING ZEROS
ENTER USDOT SEARCH

COMPANY NOT MONITORED
START MONITORING

**MC1710778 USDOT 4368789**

SANDRA WORTHING ALVES
DBA ALL DIRECTIONS TRUCKING

INACTIVE CARRIER AUTHORITY

1 TRUCK REPORTED 2 INSPECTIONS STARTED FEB 27, 2025

2 TRUCKS INSPECTED 1 TRAILER INSPECTED

VIEW DECODED TRUCKS VIEW DECODED TRAILER

BUSINESS ADDRESS
25540 BYRON DR
NORTH OLMSTED, OH 44070

PHONE (440) 591-0354
EMAIL ADT@ALLDIRECTIONS247.COM
CONTACT SANDRA WORTHING ALVES

Create Due Diligence Certificate

DUE DILIGENCE 7E16A264299C530923573537848B33D

RELATED COMPANIES DETECTED

Our artificial intelligence engine detected this company is related to companies that have active or inactive carrier or broker authority or companies applying for new authority. Fraud Prevention Searches analyze archived FMCSA authority data since January 2005. Some searches are also based on current FMCSA census data that is updated every morning.

FRAUD PREVENTION SEARCHES

Archive Phone Search | Email Address Search | Ohio Secretary of State
Archive Fax Search | Fraud Alert Search
Contact Name Search | Contact Information Search

FreightGuard Reports

No reports submitted about this carrier.

SUBMIT FREIGHTGUARD REPORT

Carrier Qualification Guidelines

These guidelines help you qualify the company if you consider using it as a motor carrier.

| | |
|---|---|
| BASIC PERCENTILE SCORES | CAUTION |
| CARRIER SAFETY RATING | GOOD |
| CARRIER AUTHORITY | ISSUE |
| INSURANCE COVERAGE | ISSUE |

DDID 7E16A264299C530923573537848B33D

Carrier Qualification Company Policy

This company does not meet your company policy based on Carrier Qualification Settings.

| | |
|---|---|
| POLICY | NOT ACCEPTABLE |

**9:39 AM · 4/29/26 · 118 Views**

**Post your reply**

ES
ICE ®

PRIORITY®
MAIL

PRIORITY MAIL
POSTAGE REQUIRED

how2recycle.info
PLASTIC

).*
onal destinations.

l.

the Domestic

of coverage.

P

US POSTAGE IMI 057660622200145 2000392739
$23.15
SSK
PM

06/22/26 Mailed from 44145 028W2310876

PRIORITY MAIL®

SANDRA M WORTHING ALVES
ALL DIRECTIONS TRUCKING
25540 BYRON DR
NORTH OLMSTED OH 44070-1901

1 lb 2.20 oz
RDC 03

RETURN RECEIPT REQUESTED

EXPECTED DELIVERY DAY: 06/25/26

Y

SHIP
TO:

CLERK OF COURT
US COURT OF APPEALS 6TH CIRCUIT
100 E 5TH ST RM 540
CINCINNATI OH 45202-3945

USPS CERTIFIED MAIL®

9502 7067 0476 6173 5221 64

ED

26

ENS, Clerk

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14 © U.S. Postal Service; July 2022; All rights reserved.

DuPont™ Tyvek®
Protect What's Inside.™

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE