No. 26-3511

---

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

---

**SANDRA WORTHINGTON ALVES, MC#1710778, DBA ALL DIRECTIONS TRUCKING,** *Plaintiff-Appellant*

v.

**INTERNET TRUCKSTOP PAYMENTS, LLC; CARRIER411 SERVICES, INC.; GENLOGS, INC., AKA GENLOGS CORPORATION; DENIM, INC.; TOTAL QUALITY LOGISTICS, LLC; MOTIVE TECHNOLOGIES, GOMOTIVE.COM, FKA KEEP TRUCKING; HIGHWAY APP, INC.; MAGELLAN TRANSPORT LOGISTICS, INC.; C.H. ROBINSON WORLDWIDE, INC.,**

*Defendants-Appellees*

---

Appeal from the United States District Court for the Northern District of Ohio, Eastern Division No. 1:26-cv-00150, Judge Aaron Polster

---

**BRIEF OF APPELLEE TOTAL QUALITY LOGISTICS, LLC**

---

*<u>/s/ Jonathan M. Scandling</u>*
MATTHEW J. WILES (0075455)
JONATHAN SCANDLING (0093905)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Phone: (216) 515-1621
Fax: (216) 515-1650
Email: jscandling@frantzward.com;
mwiles@frantzward.com

*Counsel for the Defendant TQL*

# DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

Sixth Circuit Case No: 26-3511 Case Name: *Sandra Worthington Alves v. Internet Truckstop Payments, LLC, et al.*

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation?

   No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

   No.

*/s/ Jonathan M. Scandling* July 27, 2026
MATTHEW J. WILES (0075455)
JONATHAN M. SCANDLING (0093905)

*Attorneys for Defendant-Appellee,*
*TQL*

**TABLE OF CONTENTS**

STATEMENT IN OPPOSITION TO ORAL ARGUMENT……………………1

STATEMENT OF JURISDICTION……………………………………….1

STATEMENT OF THE ISSUES………………………………………..1

STATEMENT OF THE CASE………………………………………….1

SUMMARY OF THE ARGUMENT……………………………………....3

ARGUMENT……………………………………………………………….5

STANDARD OF REVIEW…………………………………………...5

THE DISTRICT COURT PROPERLY DISMISSED ALVES'S CIVIL RICO CLAIMS AS TO TQL………………………………………………..6

THE DISTRICT COURT PROPERLY DISMISSED ALVES'S SHERMAN ACT VIOLATION CLAIMS AS TO TQL………………………………8

THE DISTRICT COURT PROPERLY DISMISSED ALVES'S TORTIOUS INTERFERENCE CLAIMS AS TO TQL…………………………..10

ALVES HAS FAILED TO OUTLINE A SPECIFIC APPEALABLE ISSUE AS TO TQL, AND THUS ANY ADDITIONAL ARGUMENTS ARE WAIVED………………………………………………………………12

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY DENYING ALVES ELECTRONIC FILING REQUEST……………………….12

CONCLUSION……………………………………………………...14

CERTIFICATE OF COMPLIANCE WITH FILING RULES…………....15

CERTIFICATE OF SERVICE…………………………………………....16

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*Aces High Coal Sales, Inc. v. Cmty. Bank & Tr. of W. Ga.*, 768 F. App'x 446, 453 (6th Cir. 2019)……………………………………………………………6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)…………………………………5, 7, 9

*Bates v. Green Farms Condominium Assn.*, 958 F.3d 470, 483-484 (6th Cir.2020)……………………………………………………………………..11

*Barilla v. Patella*, 144 Ohio App.3d 524, 760 N.E.2d 898, 904 (Ct. App. 2001)…9

*Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 781 (6th Cir. 2000)………7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)……………………………5

*Brown v. Hanover Am. Ins. Co.,* 2022 U.S. App. LEXIS 10211, 2022 WL 1100461 (6th Cir. Apr. 13, 2022)………………………………………………………5

*Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir. 1996)……………………………………………………………………………..7

*Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993)………………………..….8

*Ledford v. Newmark*, 2015 U.S. Dist. LEXIS 99753, *7 (N.D. Ohio 2015)……….7

*Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)…7

*NHL Players' Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 718 (6th Cir. 2003)……..............................................................................................................8

*Robinson v. Jones*, 142 F.3d 905 (6th Cir. 1998)……………………………..……7

*United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966)………………..…...8

## Other Authorities

2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2], LEXIS (database updated 2020)……………………………………………………………………11

## Rules

Fed. Civil Rule 12(b)(6)…………………………………………………1, 3, 5, 9

Fed. R. App. P. 28(i)………………………………………..……………....3

Local Rule 5.1(c)…………...…………………………...………………………12

## I. STATEMENT IN OPPOSITION TO ORAL ARGUMENT

Defendant-Appellee Total Quality Logistics, LLC ("TQL") respectfully submits that oral argument is not necessary to resolve this appeal. The District Court's ruling in this matter was a straightforward application of existing law and long-standing principles. The only issue that truly need to be decided is whether the District Court properly dismissed the Appellant's claims pursuant to Fed. Civil Rule 12(b)(6). Because the District Court's holding is in accord with settled case law and consistent with the record, TQL respectfully submits that this Court may resolve the appeal based on the record and the parties' briefs.

## II. STATEMENT OF JURISDICTION

Without waiving the underlying forum selection clause argument TQL raised in its Motion to Dismiss, TQL does not dispute this Court has jurisdiction to hear this appeal.

## III. STATEMENT OF THE ISSUES

TQL disagrees with the statement of the issues raised by Plaintiff-Appellant Sandra Worthing Alves ("Alves"). The issue TQL frames the issues as follows:

1. Whether the district court properly dismissed Plaintiff-Appellant's Third Amended Complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and

2. Whether Plaintiff has properly identified an appealable issue as to TQL.

## IV. STATEMENT OF THE CASE

This matter is on appeal from the dismissal with prejudice of the underlying action in the United States District Court of the Northern District of Ohio brought by a *pro se* Plaintiff-Appellant Sandra Worthing Alves ("Alves") against Defendant-Appellees Internet Truckstop Payments, LLLC; Carrier411 Services, Inc.; Genlogs, Inc., Aka Genlogs Corporation; Denim, Inc.; Total Quality Logistics, LLC; Motive Technologies, Gomotive.Com, Fka Keep Trucking; Highway App, Inc.; Magellan Transport Logistics, Inc.; C.H. Robinson Worldwide, Inc. (collectively hereinafter, "Defendants").

Plaintiff initially filed this case on December 10, 2025. On December 17, 2025, Alves filed her Amended Complaint. TQL was served with the Amended Complaint December 22, 2025. On January 14, 2026, without seeking leave, Alves filed her Second Amended Complaint. On January 20, 2026, this case was removed from the Cuyahoga County Court of Common Pleas to this Court. (R. #1). On January 27, 2026, TQL filed a Motion to Strike the Second Amended Complaint and Motion to Dismiss Alves's First Amended Complaint. (R. #15).

On February 10, 2026, the Court dismissed Alves's Amended Complaint and Second Amended Complaint. (R. #30). The Court gave Alves 30 days to file a third amended complaint. *Id*. On March 5, 2026, Alves filed her Third Amended Complaint. (R. #32). Alves's Third Amended Complaint raised many of the same

claims and allegations as raised in her Amended Complaint and Second Amended Complaint. (*Id.*)

In March and April 2026, the Defendants moved to dismiss Alves's Third Amended Complaint pursuant to Federal rule 12(b)(6), for various reasons. (R. 43, 44, 45, 46, 47, 48, 49, 59). TQL particularly moved to dismiss Alves's complaint on the basis that 1) she signed a valid enforceable forum selection clause, warranting dismissal; and 2) that she had failed to substantively state a claim against TQL. (R. 45 – Page ID # 1407-1409).

On April 10, 2026, and after multiple Defendants filed individual motions to dismiss, the Court entered a non-document text entry, encouraging the Defendant's to file a coordinated reply in support of their Motions.

On May 27, 2026, The District Court dismissed Alves's Third Amended Complaint with prejudice as to all Defendants. (R. 69. Order & Opinion).

## V. SUMMARY OF THE ARGUMENT[1]

The District Court's decision should be upheld for three primary reasons. First, the District Court's decision should be affirmed because the Court properly applied Federal Rule 12(b)(6) as to all four of Alves's claims. Indeed, the District

[1] For the sake of brevity and given the unwieldy procedural nature of this case and number of Appellees involved, and in accordance with Fed. R. App. P. 28(i), TQL adopts and incorporates by reference the arguments raised in the opening briefs of its co-appellees.

Court properly found that Alves's claims against TQL are deficient as a matter of law substantively. (R. 69.Order & Opinion). For those claims — (1) Civil RICO, (2) Antitrust (Counts II and III), and (3) Tortious interference with a Business Relationship — the Court properly determined that Alves failed to adequately plead the necessary elements for each claim. Moreover, and as stated in Defendants' Joint Response in Opposition Plaintiff Appellant's Motion Supplement the Record, the underlying case under appeal pertains to a motion to dismiss, and thus the only matters material to that case (and the appeal) are the Third Amended Complaint, responsive pleadings and or briefs appropriately filed in the record. Thus, the only matter pertinent to this appeal is how the District Court analyzed those filings. Any e-filing issues or requests are entirely immaterial as to Alves's Complaint and the allegations plead therein. As such, and as further explained below, the District Court's decision outlined a thorough and proper analysis as to all four of Alves's claims issued against the Defendants.

Next, Alves has not identified any appealable issue as to TQL. In her Appellant Brief, Alves does not identify any specific issue as to TQL warranting reversal of the District Court's decision. Rather, she vaguely refers to a grouping of all Defendants, while later individually naming other Defendants. Significantly, her Appellant Brief does not specifically or individually mention TQL **<u>at all</u>**. As such,

she does not take any particular issue as TQL, or how the Court analyzed a particular issue as to TQL.

Finally, Alves' arguments pertaining to electronic filing access are wholly irrelevant to the nature of her appeal. Even if it were relevant, the District Court did not abuse its discretion in denying her access to electronic filing. Significantly, Alves has not articulated any rationale as to how a lack of access to electronic filing has prejudiced her in any fashion, let alone had any impact on the District Court's decision as to previously granted motion to dismiss.

For this additional reason the District Court's decision should not be disturbed, and the decision should be affirmed.

## VI. ARGUMENT

### a. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) is reviewed de novo. *Brown v. Hanover Am. Ins. Co.,* 2022 U.S. App. LEXIS 10211, 2022 WL 1100461 (6th Cir. Apr. 13, 2022) (affirming district court's dismissal where "Plaintiffs do not challenge the merits of the district court's decision on the motion to dismiss"). Nevertheless, Alves has not demonstrated any reason for this Court to disturb the District Court's decision.

Indeed, and as the District Court analyzed, dismissal of a complaint is necessary under Civil Rule 12(b)(6) when the complaint does not contain sufficient

factual matter, if accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions and a formulaic recitation of the elements of the cause of action" are insufficient. *Id.* Indeed, the Plaintiff must allege facts that "nudge[] [its] claims across the line from conceivable to plausible." *Id.* at 548. Because the specific line separating the plausible from the merely conceivable is not always clear, the reviewing court is to "draw on its judicial experience and common sense" in making the determination of what a plausible claim looks like. *Iqbal*, 556 U.S. at 663-664 (2009). As the District Court correctly decided, Alves is unable to prove any set of facts which would entitle her to relief, and as to all claims alleged Third Amended Complaint as to TQL. (R. 69. Order & Opinion). As such, the District Court's decision should be Affirmed.

**b. THE DISTRICT COURT PROPERLY DISMISSED ALVES'S CIVIL RICO CLAIMS AS TO TQL.**

As the District Court properly held, "To establish a violation of § 1962(c), a plaintiff must allege: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Aces High Coal Sales, Inc. v. Cmty. Bank & Tr. of W. Ga.*, 768 F. App'x 446, 453 (6th Cir. 2019) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985))" (R. 69. Order & Opinion, PageID #: 2424).

Nevertheless, in the District Court's decision, the Court explained Alves failed to state a RICO violation against TQL (and all Defendants for that matter) because she failed to "make any specific allegations of illegal conduct against any of the Defendants." The Court further explained that Alves's "blanket statements" of alleged enterprise activity are not enough to state a claim pursuant to RICO. (*Id*).

In her Appellant Brief, Alves attempts to cure her pleading deficiency by again pointing to the list of purported enterprise activities demonstrating the basis for her RICO allegations, while also vaguely alluding to market and industry wide practices. (Brief of Appellant at 15, 27). But these vague, sweeping and confusing allegations are the very reason why the District Court dismissed the Third Amended Complaint. (R. 69. Order & Opinion, PageID #: 2424). Additionally, while a court is required to accept factual allegations as true, it is not required to accept legal conclusions with no connection to the factual allegations asserted. *Ledford v. Newmark*, 2015 U.S. Dist. LEXIS 99753, *7 (N.D. Ohio 2015) citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ("The Court is "not bound to accept as true a legal conclusion couched as a factual allegation'").

Indeed, as the District Court correctly stated "The Sixth Circuit has made clear that it is insufficient to merely "list[] a string of entities allegedly comprising the enterprise, and then list[] a string of supposed racketeering activities in which the enterprise purportedly engages." *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d

776, 781 (6th Cir. 2000). Rather, "the complaint must contain facts suggesting that the behavior of the listed entities is 'coordinated' in such a way that they function as a 'continuing unit.'" *Id.*, at 781-82 (citing *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993)). (R. 69. Order & Opinion, PageID #: 2424).

Here, the District Court's decision did precisely what *Iqbal* and *Begala* required, and Alves has not demonstrated otherwise. The District Court reviewed the Complaint, and determined that Alves was unable to state a Civil RICO claim because she failed to state her allegations with particularity, whether that be against TQL or any Defendant. Alves Appellant Brief fares no better, and essentially raises the same vague, conclusory allegations the District Court already properly disposed of. As such, the District Court's decision should be affirmed.

### c. THE DISTRICT COURT PROPERLY DISMISSED ALVES'S SHERMAN ACT VIOLATION CLAIMS AS TO TQL.

First, Alves has not raised any issue pertaining to the dismissal of her Sherman Act claims. For this reason alone, she has conceded any appealable claim as to the dismissal of both of her Sherman Act claims. *Robinson v. Jones*, 142 F.3d 905 (6th Cir. 1998) citing *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir. 1996) ("Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal").

Even if Alves had not abandoned her Sherman Act claims, the District Court's decision should still be affirmed. As the District Court held, "[i]n order to establish

an antitrust claim, [a plaintiff] must prove that [the defendants] (1) participated in an agreement that (2) unreasonably restrained trade in the relevant market." *NHL Players' Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 718 (6th Cir. 2003). (R. 69. Order & Opinion, PageID #: 2430). The District Court further stated, "Section 2 of the Sherman Act prohibits three actions: monopolization, attempted monopolization, and conspiracy to monopolize. Monopolization requires proof of: "(1) the possession of monopoly power in the relevant market[;] and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966)." (*Id.*)

Like her civil RICO claim, the District Court dismissed Alves's Sherman Act claims because she failed to plead the necessary elements to state a claim. Indeed, in its analysis, the District Court explained Alves must allege Defendants (therefore including TQL) "are working in concert…in an attempt to monopolize a market." (*Id.*) Additionally, the District Court further explained that even if Plaintiff had alleged a proper monopoly, "[n]owhere in the Third Amended Complaint does Plaintiff allege that any one defendant "possesses monopoly power in a properly defined market, attempted to acquire monopoly power, or engaged in exclusionary conduct… [n]or does Plaintiff establish any sort of connection between the alleged monopolization and her alleged injury."

Here, and just like the analysis the District Court applied when reviewing Alves's civil RICO claim, the Court properly analyzed Alves's Sherman Act allegations in the Third Amended. The District Court again did precisely what *Iqbal* requires when it determined that Alves did not allege facts to state a Sherman Act claim, and dismissed the claim as to TQL and all defendants. As such, the District Court's decision should be affirmed.

#### d. THE DISTRICT COURT PROPERLY DISMISSED ALVES'S TORTIOUS INTERFERENCE CLAIMS AS TO TQL.

The dismissal of Alves's tortious interference claim should likewise be affirmed, because the Third Amended Complaint failed to allege the necessary facts to state a claim. Like her prior claims, the District Court properly reviewed the Third Amended Complaint, and the allegations therein, pursuant to Federal Rule 12(b)(6), and dismissed the claim.

As the District Court held, "The elements essential to recovery for a tortious interference with a business relationship are: (1) a business relationship; (2) the wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom." *Barilla v. Patella*, 144 Ohio App.3d 524, 760 N.E.2d 898, 904 (Ct. App. 2001) (quotation omitted). (R. 69. Order & Opinion, PageID #: 2432). In a straightforward analysis, the District Court explained "Plaintiff fails to articulate or allege in the Third Amended Complaint any specific business relationship or contract that was

interfered with by any of the Defendants, how any Defendant knew of her business relationships or contracts, and how any Defendant interfered with her business relationships or contracts." (*Id.*)

In an attempt to save her claim, Alves's argues in her Appellant Brief that she did properly state a claim via, "ECF 32, paragraphs 104-108, which satisfy all four elements of Ohio tortious interference on the face of the complaint." (Appellant Brief 26). Paragraphs 104-108 of the Third Amended Complaint, however, fail to provide any of the specificity required to outline a tortious interference claim. What Alves failed to articulate or allege in the Third Amended Complaint, however, is how TQL knew of her business relationships or contracts, and how TQL interfered with her business relationships or contracts. By failing to explain how TQL interfered with her relationships or contracts, Alves additionally failed to articulate how TQL's alleged misconduct was improper or not justified.

Additionally, and essentially conceding she has failed to adequately plead the appropriate elements of her claim, Alves further argues "[t]o the extent additional specificity was needed for other incidents, that evidence existed in 627 pages the court declined to consider because they were in the wrong document." This argument, too however, fails, as it is well settled that "[t]he court may not…take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." *Bates v.*

*Green Farms Condominium Assn.*, 958 F.3d 470, 483-484 (6th Cir.2020) *citing* 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2], LEXIS (database updated 2020).

As such, The District Court's decision should be affirmed.

### e. ALVES HAS FAILED TO OUTLINE A SPECIFIC APPEALABLE ISSUE AS TO TQL, AND THUS ANY ADDITIONAL ARGUMENTS ARE WAIVED.

While naming varying other individual defendants, Alves never specifically addresses or identifies TQL in her Appellant Brief. As such, Alves does not appear to specifically identify an appealable issue as to TQL. Granted, Alves does collectively (and vaguely) use the phrase "Defendants," she does not identify any specific act, appealable issue or pleading item as to TQL that would warrant reversal of the District Court's underlying decision. TQL is left to guess and speculate as to any appealable issue specifically levied against it. The Sixth Circuit has long held that an appellant abandons issues he fails to raise in his initial brief. *United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006). As such, for any issues Alves has not raised in her Appellant Brief, particularly as to TQL, they should be considered waived. (*Id.*)

### f. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY DENYING ALVES ELECTRONIC FILING REQUEST

While not relevant to the pending issue of whether the District Court properly dismissed the Third Amended Complaint, the District Court did not abuse its

discretion when it denied Alves the ability to utilize electronic filing. District Court Judges are provided wide latitude as to whether they will permit pro se litigants the right to utilize the electronic filing system. Indeed, Local Rule 5.1(c) states:

> While parties and pro se litigants may register to receive "read only" electronic filing accounts so that they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically. The Judicial Officer may, at his or her discretion, grant a pro se litigant who demonstrates a willingness and capability to file documents electronically permission to register to do so. **Permission to file electronically may be revoked at any time**.

L.R. 5.1(c) (emphasis added).

Here, and in accordance with the Northern District's Local Rule's, the District Court judge did not grant Alves's request for electronic filing. Alves did not articulate a sufficient need at the time of the request.

Nevertheless, Alves argues that denial of electronic filing access denied her "procedural parity" throughout the underlying litigation. Alves provides no explanation or rationale to explain how electronic filing access would have had any impact on the allegations in the Third Amended Complaint, or how electronic filing would have warranted her Third Amended Complaint not being dismissed for failing to state a claim. The District Court did not abuse its discretion, and Alves's argument should be rejected.

## VII. CONCLUSION

For the foregoing reasons, the judgement of the district court should be AFFIRMED.

Respectfully submitted,

*/s/ Jonathan M. Scandling*

MATTHEW J. WILES (0075455)
JONATHAN SCANDLING (0093905)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Phone: (216) 515-1621
Fax: (216) 515-1650
Email: jscandling@frantzward.com; mwiles@frantzward.com

*Counsel for the Defendant TQL*

## VIII. CERTIFICATE OF COMPLIANCE WITH FILING RULES

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) and the word limit of Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contained 3,015 words, as determined by the word count of the word processing software used to prepare this document, Microsoft Word

This brief complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) & 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 365, in Times New Roman style, 14-point font.

*/s/ Jonathan M. Scandling*
MATTHEW J. WILES (0075455)
JONATHAN SCANDLING (0093905)

## IX. CERTIFICATE OF SERVICE

The foregoing brief of Appellee Total Quality Logistics, LLC was electronically filed with the Court on Monday, July 27, 2026. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system. Parties may access this filing through the Court's case management and electronic case filing system. I also certify that a copy of the foregoing was mailed via regular USPS mail to Plaintiff-Appellant, Sandra Worthing Alves, 25540 Byron Drive, North Olmsted, OH 44070.

*/s/ Jonathan M. Scandling*
MATTHEW J. WILES (0075455)
JONATHAN SCANDLING (0093905)
*Attorneys for Defendant-Appellee TQL*

## ADDENDUM

| Designation of Relevant Originating Court Documents | | |
|---|---|---|
| Record Entry No. | Document Description | Page ID# Range |
| 1 | Notice of Removal | 1-10 |
| 1-1 | Complaint | 12-42 |
| 1-2 | First Amended Complaint | 44-287 |
| 1-3 | Second Amended Complaint | 289-811 |
| 7 | Plaintiff's Motion for E-filing | 967 |
| 30 | First Dismissal Order | 1247-1250 |
| 32 | Third Amended Complaint | 1256-1291 |
| NA | Order Setting Briefing on Motions to Dismiss | NA |
| 43 | Defendant Highway App. Inc.'s Motion to Dismiss Under Rule 12(B)(4) and 12(B)(5) | 1375-1383 |
| 44 | Defendant C.H. Robinson Worldwide, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint | 1384-1402 |
| 45 | Motion of Defendant Total Quality Logistics, LLC to Dismiss Plaintiff's Third Amended Complaint | 1403-1425 |
| 46 | Defendant Magellan Transport Logistics, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint | 1426-1452 |
| 47 | Defendant Internet Truckstop Payments, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint | 1453-1472 |
| 49 | Motion to Dismiss Plaintiff's Third Amended Complaint filed by Defendant | 1483-1492 |

| | | |
|---|---|---|
| | Motive Technologies, Inc. | |
| 52 | Plaintiff's Consolidated Response Rebuttals and Objections to Motions to Dismiss | 1498-1858 |
| April 10, 2026 Order Entry | Defendants are directed to coordinate and file a single reply in support of their motions to dismiss, to the extent possible. | NA |
| 59 | Motion to Dismiss Plaintiff's Third Amended Complaint filed by Defendant GenLogs, Inc | 1887-1894 |
| 60 | Plaintiff's Supplemental Response to Defendants' Motions to Dismiss | 1895-2225 |
| 68 | Defendants Joint Reply Brief | 2392-2414 |
| 69 | Order & Opinion | 2415-2434 |
| 71 | Notice of Appeal | 2441-2442 |